**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert L. RHODES,**
**Defendant–Appellant.**

No. 89–3241.

United States Court of Appeals,
Tenth Circuit.

Sept. 6, 1990.

Robin D. Fowler, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., with her on the briefs), Wichita, Kan., for plaintiff-appellee.

Vicki Mandell–King, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the briefs), Denver, Colo., for defendant-appellant.

Before McKAY and SETH, Circuit Judges, and PARKER, District Judge.*

PARKER, District Judge.

Defendant Robert L. Rhodes entered a plea of guilty to one count of possession of more than five grams of a substance containing cocaine base, in violation of 21 U.S.C. § 844(a).[1] Subsequently, at his sentencing hearing, Rhodes made an oral motion to withdraw his plea pursuant to Rule 32(d) of the Federal Rules of Criminal Pro-

cedure. The court denied the motion and sentenced Rhodes to imprisonment for a term of 210 months followed by a three year term of supervised release.[2]

Rhodes appeals the district court's denial of his motion to withdraw the plea of guilty. He contends that (1) the district court erred by finding that the plea of guilty was voluntarily entered; (2) defense counsel's failure to determine Rhodes' complete criminal history constitutes ineffective assistance of counsel; and (3) the district court abused its discretion by denying Rhodes' motion to withdraw his plea of guilty. We affirm.

## I. Background

On May 18, 1989, the district court held a hearing on defendant's Petition to Enter Plea of Guilty. (Vol. II at 5). The Petition to Enter Plea of Guilty, which was signed by Rhodes in open court, provides in part:

> I told my lawyer all the facts and circumstances known to me about the charges against me in the indictment. I believe that my lawyer is fully informed on all such matters.
>
> \* \* \* \* \* \*
>
> I possessed in excess of Five (5) grams of a substance which contained cocaine base.
>
> \* \* \* \* \* \*
>
> My lawyer informed me that the plea of "Guilty" could subject me to a maximum punishment which, as provided by law, is 20 years imprisonment and a fine of $250,000 for the offense(s) charged in Count(s) I of the indictment.

(Vol. I, Doc. 23, Para. 4, 5, 10).

At the plea hearing, Rhodes stated that he understood the terms of the plea agreement, including the government's agreement not to charge a more serious offense in the case, such as distribution, which

---

\* The Honorable James A. Parker, United States District Judge for the District of New Mexico, sitting by designation.

1. 21 U.S.C. § 844(a) provides in pertinent part: It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained

directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice ...

2. Rhodes was sentenced pursuant to the Sentencing Guideline provisions applicable to a career offender. (Vol. II at 50).

would carry a ten year minimum sentence. (Vol. II at 5–6). Rhodes further indicated that no promises or assurances had been made in order to induce him to offer a plea of guilty and that no one had "predicted or promised to [him] what the sentence would be in this case." *Id.* at 6, 14. The court reviewed the facts of the offense with the defendant, as required by Rule 11. This review concluded in Rhodes' admission, under oath, that he had possessed in excess of five grams of a substance containing cocaine base as set forth in the plea agreement. *Id.* at 14–15.

Before accepting Rhodes' plea of guilty, the court advised Rhodes that if the plea of guilty were accepted, he would not be able to withdraw his plea. *Id.* at 8. The court fully advised Rhodes of the implications of sentencing under the Sentencing Guidelines. Rhodes was informed that the court would not be able to determine the guidelines sentence range until after completion of the presentence report; and that the court had the "authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines." *Id.* at 13. The court further apprised Rhodes of the twenty year maximum prison sentence which could be imposed and the five year minimum prison sentence mandated by statute. *Id.* at 16. In colloquy with the court, Rhodes confirmed that he had discussed the Sentencing Guidelines with his defense counsel and was advised about their applicability. *Id.* at 13.

On August 28, 1989, the day scheduled for sentencing, Rhodes orally moved to withdraw the plea of guilty on the ground that defense counsel incorrectly represented to Rhodes that he would receive a sentence of not more than five years, the statutory minimum. *Id.* at 21. Defense counsel advised the court that Rhodes had not fully discussed his prior criminal record with counsel. Rhodes told his attorney about only one of his six convictions. *Id.*

at 21, 26. Defense counsel stated that if Rhodes had divulged the full extent of his prior criminal convictions counsel "substantially would have changed what I would have done had I known about that from a lot of perspectives and [had I] discussed that with my client." *Id.*

Rhodes testified that he sought to withdraw his plea because he was now aware that he would receive a much harsher sentence than what he had anticipated at the time of entering his plea. *Id.* at 32. Rhodes stated that at the time he spoke with defense counsel regarding his prior convictions, he had been drinking heavily [3] and had forgotten about his prior convictions. *Id.* at 26. Rhodes also testified, however, that he informed the probation officer of several of his prior convictions, which he failed to mention to his attorney, in connection with bail review. *Id.* at 28–30. David Hill, the United States Probation Officer responsible for preparing the presentence report, confirmed that Rhodes had informed him of several prior convictions. *Id.* at 41.

The district court denied the motion to withdraw the plea finding that "the lapse of memory, whether intentional or otherwise on behalf of the defendant ... who does not fully disclose to his attorney or others before the plea is entered is not a basis on which a motion to withdraw a plea of guilty should be granted." *Id.* at 49.

## II. Voluntary Plea

■ Rhodes maintains that his plea of guilty was involuntary. Specifically, Rhodes contends that his attorney's miscalculation of the likely length of his sentence under the guidelines, admittedly because Rhodes failed to inform his counsel of his own prior criminal convictions, along with the court's failure to apprise him of the anticipated guideline range, renders the plea involuntary.[4]

---

**3.** Rhodes does not allege that he was intoxicated at the time of the entry of his plea on May 18, 1989.

**4.** Rhodes does not contend that the district court failed to apprise him of the statutory mini-

mum and maximum penalties he faced. Nor does he contend the prosecutor failed to abide by any promises made during plea negotiations.

■] Whether a plea is voluntary is a question of federal law subject to *de novo* review. *Laycock v. State of N.M.*, 880 F.2d 1184, 1186 (10th Cir.1989) (citing *Marshall v. Lonberger*, 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983)).

■] "[A] defendant's guilty plea must be both knowing and voluntary in order to be valid, and ... the defendant's decision to plead must constitute a 'deliberate, intelligent choice between available alternatives.'" *United States v. Fernandez*, 877 F.2d 1138, 1142 (2d Cir.1989) (quoting *Rosado v. Civiletti*, 621 F.2d 1179, 1191 (2d Cir.), *cert. denied* 449 U.S. 856, 101 S.Ct. 153, 66 L.Ed.2d 70 (1980)). A plea may be involuntary when an attorney "materially misinforms the defendant of the consequences of the plea or the court's probable disposition." *Laycock*, 880 F.2d at 1186. Although an attorney's unfair representation of probable leniency may be found coercive, an erroneous estimate of sentence does not render the plea involuntary. *Id.*

The undisputed facts surrounding the plea agreement, the procedures the district court followed at the plea hearing, and Rhodes' own assertions, belie Rhodes' contention that his plea was involuntary. The plea agreement contained Rhodes' statement admitting his commission of the charged offense in addition to Rhodes acknowledgement that he had been advised of the maximum and minimum penalties.

At the plea hearing on May 18, 1989, Rhodes indicated his understanding of the terms of the plea agreement and was advised by the court that he would not be able to withdraw the plea. The judge further advised Rhodes, prior to accepting the plea, that he would be unable to determine the sentence under the guidelines until after completion of the presentence report and that he had the authority to impose a sentence above or below the guideline range in certain situations. Rhodes represented to the court that he had discussed the guidelines with his attorney and was advised about their applicability.

■ The court was not required to inform Rhodes of the applicable Sentencing Guideline range prior to accepting Rhodes' plea of guilty. *United States v. Turner*, 881 F.2d 684, 687 (9th Cir.1989); *Fernandez*, 877 F.2d at 1138, 1143 (2d Cir.1989) (district court "not required to calculate and explain the Guidelines sentence"); *United States v. Henry*, 893 F.2d 46, 48–49 (3rd Cir.1990) (district court not required to advise defendant of guideline range, as it is not required by Rule 11, and may not even be ascertainable at time). Rule 11 requires only that the defendant be informed of "'the mandatory minimum penalty provided by law ... and the maximum possible penalty provided by law.'" *Fernandez*, 877 F.2d at 1142–43 (quoting Fed.R.Crim.P. 11(c)(1)). In this case, the court advised Rhodes of the mandatory minimum penalty and the maximum penalty that could be imposed.

Admittedly, Rhodes failed to apprise his attorney of his extensive criminal history. Consequently, defense counsel incorrectly advised Rhodes that he was facing a sentence of not more than five years. The presentence report, however, showed that Rhodes had six prior convictions. The applicable guideline sentencing range was 210 to 240 months. "The fact that the applicable Sentencing Guideline range was higher than defense counsel estimated, however, does not demonstrate a violation of Federal Rule of Criminal Procedure 11." *United States v. Turner*, 881 F.2d 684, 686 (9th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989).

Rhodes seeks to distinguish the cases of *Turner* and *Fernandez*, despite notable similarities, on the ground that the disparities between the anticipated and actual sentences imposed in those cases were much less severe than the disparity in his case. Although the disparity between the Guidelines sentence anticipated by Rhodes and his counsel and the actual sentence imposed is significant in this case, that does not place this case outside the holdings of *Turner* and *Fernandez*. While the difference between the anticipated and the actual sentence imposed in *Turner* was comparatively small, the actual sentence imposed in *Fernandez* was almost twice as much as the Guidelines sentence anticipated by the defendant and his attorney. Moreover, in

*United States v. Savage*, 891 F.2d 145 (7th Cir.1989), the Seventh Circuit upheld the district court's finding that a plea of guilty was voluntary despite the fact that the defendant, who anticipated a 10–16 month sentence under his theory of involvement in a conspiracy offense, was ultimately sentenced to 63 months, the low end of the Guideline range. *Id.* at 148. Under these circumstances, we conclude that Rhodes plea of guilty was voluntary.

### III. Ineffective Assistance of Counsel

Rhodes also contends that his attorney was ineffective because he failed to conduct an independent investigation into Rhodes' prior criminal history. We review *de novo* the determination of whether an attorney's performance was so deficient that it violated a defendant's right to effective assistance. *Laycock*, 880 F.2d at 1187.

The standard of review for attorney performance relative to the effective assistance of counsel is prescribed by *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To succeed in an ineffective assistance of counsel claim, a defendant must first show that counsel's performance was deficient. Second, the defendant must show that this deficient performance prejudiced his defense. *Laycock*, 880 F.2d at 1187. The first prong of this test can be established by a showing that the attorney's " 'advice was not within the wide range of competence demanded of attorneys in criminal cases.' The proper standard for measuring attorney performance is reasonably effective assistance." *Id.* The second prong of the test would be satisfied by a showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted in going to trial." *Id.* The defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

" '[T]he reasonableness of an attorney's decision not to conduct an investigation is directly related to the information the defendant has supplied." *United States v.*

*Miller*, 907 F.2d 994, 998 (10th Cir.1990) (quoting *Coleman v. Brown*, 802 F.2d 1227, 1233 (10th Cir.1986), *cert. denied* 482 U.S. 909, 107 S.Ct. 2491, 96 L.Ed.2d 383 (1987)). Rhodes faults his attorney for failing to conduct an independent investigation into his criminal history, but Rhodes, by his own admission, failed to inform counsel of five of his six prior criminal convictions. Although Rhodes testified that he had been drinking heavily at the time he spoke to his attorney, Rhodes does not contend that he gave his attorney any indication, based on his behavior or demeanor, which would have led his attorney to question the accuracy or completeness of his statements or to believe that an independent investigation was warranted. A claim of ineffective assistance of counsel cannot be charged "when the essential and foundational information required to trigger such an investigation is withheld from the defendant's attorney by the defendant himself." *Id.* Moreover, although Rhodes attempts to justify the omission by stating that "[a]s a practical matter defendants really may not have good recollection of prior convictions," Appellant's Reply Brief at 5, Rhodes advised the probation officer about several prior convictions which he did not mention to his attorney.

Even if unreasonable representation were to be assumed, Rhodes has not demonstrated any prejudice. Rhodes does not contend, and there are no facts which suggest, that he would have exercised his right to proceed to trial if his counsel had accurately calculated the length of his ultimate sentence under the guidelines. Rhodes admitted, both in the written plea agreement and again in court, his possession of the cocaine base which formed the basis of the charge against him. He offered no objection when the government set forth its factual basis for the plea. Rather, in arguing that the government would not be prejudiced by allowing him to withdraw his plea, Rhodes conceded that "[i]n this case, there is no strong assertion of innocence" and that it is "quite possible that if this court were to allow withdrawal of the guilty plea ... Rhodes may yet enter into a

plea disposition." Appellant's Reply Brief at 7.

On the basis of *Strickland* and the lower court record, which we have independently reviewed, we cannot say that Rhodes was deprived of the effective assistance of counsel.

### IV. Motion to Withdraw Guilty Plea

 A district court's denial of a motion to withdraw a plea of guilty is reviewed for abuse of discretion. *United States v. Hickok*, 907 F.2d 983, 984 (10th Cir.1990). Rule 32(d) of the Federal Rules of Criminal Procedure authorizes the district court to permit withdrawal of a plea prior to sentencing "upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). The motion for withdrawal "should be viewed with favor" and "[t]he defendant should be given a great deal of latitude." *Id.* at 986.

 In *Hickok* we noted seven factors established by the Fifth Circuit which are considered when applying the "fair and just reason" standard. These factors are as follows: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; (7) whether the withdrawal would waste judicial resources. *Id.* at 985 n. 2 (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985)).

Rhodes adopts the same argument for withdrawal of his guilty plea that he advanced in challenging the voluntariness of his plea and in claiming ineffective assistance of counsel—namely, the unanticipated severity of the sentence he received. Applying the seven factors outlined above, Rhodes failed to demonstrate a fair and just reason for withdrawal of his plea. First, Rhodes did not assert his innocence of the cocaine possession charge. To the contrary, Rhodes on two occasions admitted his culpability and even now admits that "there is no strong assertion of innocence." Appellant's Reply Brief at 7. Second, although the government does not specifically point to any prejudice, by Rhodes' own assertions, the government would undoubtedly re-enter plea negotiations and have to undergo the same process it had just completed. Third, Rhodes did not file a written motion to withdraw his plea in advance of the sentencing hearing. Instead, Rhodes orally moved to withdraw his plea when the sentencing hearing was already underway, with no explanation as to why a motion to withdraw the guilty plea had not been submitted earlier. Fourth, the trial court would have had to reschedule another plea hearing and sentencing hearing since by Rhodes own estimation, if he were allowed to withdraw his prior plea, another plea agreement was "quite possible." Fifth, Rhodes was assisted by counsel, although counsel's assistance was substantially frustrated by Rhodes' omission of information about his criminal history. Sixth, as we discussed above, the plea was entered knowingly and voluntarily. Seventh, withdrawal of the plea would inevitably lead to the expenditure of additional judicial resources. As stated above, Rhodes would likely re-enter a guilty plea. Based on Rhodes' extensive criminal history and the absence of any indication that a renegotiated agreement would be more favorable to Rhodes, Rhodes may have been subject to the same or very similar sentence under the guidelines.

 There is no absolute right to withdraw a guilty plea. *Id.* at 4. Defendant bears the burden of showing a "fair and just reason" for withdrawal of his plea. *Id.* The district court determined that Rhodes had not presented a fair and just reason. We hold that the trial judge did not abuse his discretion in denying the motion to withdraw the guilty plea. *See Hickok*, at 986 (change of heart, without more, does not warrant withdrawal) (citing *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069–70 (9th Cir.1987) (same)); *Savage*, 891 F.2d at 151 (no abuse of discretion to deny

motion to withdraw plea when defendant merely desires shorter sentence than is proper for crimes committed); *United States v. Huff*, 873 F.2d 709, 711–12 (3rd Cir.1989) (rejection of attempt to withdraw plea where defendant claimed he failed to realize exposure and possible sentence under Guidelines); *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir.), *cert. denied*, 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988) (defendant not allowed to make tactical decision to enter plea and then obtain withdrawal if made bad choice).

### V. Conclusion

We find that Rhodes' plea of guilty was voluntarily entered and that the district court did not abuse its discretion by denying the motion to withdraw his plea of guilty. Rhodes' argument that defense counsel failed to conduct an independent investigation into Rhodes' criminal history does not rise to the level of ineffective assistance of counsel. Accordingly, the judgment and sentence of the district court is AFFIRMED.