9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 United States of America, Plaintiff-Appellee,
v.
Ivy Simmons GILLESPIE, Defendant-Appellant.
 No. 93-3086.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1993.
 
 Before SEYMOUR, BARRETT and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ivy Simmons Gillespie appeals from the judgment entered on her plea of guilty to a two-count indictment charging Gillespie and co-defendants Willie Lee Randel, Milton Gene Lee, and W. C. Thompson with knowingly, willfully and unlawfully conspiring with intent to distribute cocaine and knowingly and intentionally possessing with the intent to distribute cocaine, in violation of 21 U.S.C. 846 and 21 U.S.C. 841(a)(1).
 
 
 3
 Trial was set for August 24, 1992. On the morning of trial, Gillespie formally accepted a plea agreement under which she agreed to plead guilty in exchange for the government's agreement not to oppose credit for acceptance of responsibility or advocate an enhancement for obstruction of justice. She then entered her plea of guilty. On September 2, 1992, Gillespie filed a motion to withdraw plea. On October 26, 1992, the district court entered an order denying Gillespie's motion finding that she had failed to show a "fair and just reason" for withdrawing her plea under United States v. Rhodes, 913 F.2d 839, 843 (10th Cir.1990), cert. denied, 498 U.S. 1122 (1991). Gillespie was sentenced on February 5, 1993.
 
 
 4
 On appeal, Gillespie contends that the district court erred in denying her motion to withdraw plea.
 
 
 5
 Gillespie moved to withdraw her plea "for the reason that Ms. Gillespie is now dissatisfied with her plea." (R., Vol. I, Tab 179). Gillespie argues that her decision to plead guilty was arrived at very quickly after she learned that her three co-defendants were entering guilty pleas and would be called to testify against her. Gillespie argues that she also moved very quickly in filing her motion to withdraw her plea upon learning that the district court was reconsidering its order enforcing Randel's and Lee's plea agreements, creating the possibility that they would withdraw their pleas, go to trial and not be available to testify against her as she had believed they would when she decided to plead guilty.
 
 
 6
 The government responds that the district court did not err in denying Gillespie's motion to withdraw plea. The government argues that: the entire record indicates that Gillespie's "plea was given freely, voluntarily, intelligently, and wholly absent of fear, duress, inadvertence or coercion." (Brief of Appellees at 8); Gillespie "gave every indication that she was pleased with the advice and assistance of counsel and that [she] was satisfied with the plea agreement counsel had negotiated in [her] behalf." Id. at 9.
 
 
 7
 The government argues that it faced substantial witness problems if Gillespie had been allowed to withdraw her plea since one of its witnesses, an unindicted juvenile co-conspirator who had been granted immunity, "had returned to Houston; parts unknown." (Brief of Appellee at 15). The government further argues that a second witness, "whose testimony placed [Gillespie] at the deliveries of substantial quantities of crack cocaine with co-conspirator Thompson, no longer had any incentive to testify, if he would testify at all." Id.
 
 
 8
 A district court's denial of a motion to withdraw a guilty plea is reviewed only for an abuse of discretion. United States v. Burger, 964 F.2d 1065 (10th Cir.1992); United States v. Wade, 940 F.2d 1375 (10th Cir.1991); United States v. Elias, 937 F.2d 1514 (10th Cir.1991). "One who enters a guilty plea has no right to withdraw it." United States v. Hickok, 907 F.2d 983, 985 (10th Cir.1990) (quoting, Barker v. United States, 579 F.2d 1219, 1223 (10th Cir.1978)). However, "a district court may permit withdrawal of a plea prior to sentencing 'upon a showing by the defendant of any fair and just reason.' Fed.R.Crim.P. 32(d)." Burger at 1071.
 
 
 9
 In United States v. Rhodes, 913 F.2d 839, 945 (10th Cir.1990), cert. denied, --- U.S. ---- (1991), we set forth seven factors to be considered when applying the "fair and just reason" standard:
 
 
 10
 These factors are as follows: (1) whether defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to defendant; (6) whether plea was knowing and voluntary; (7) whether the withdrawal would waste judicial resources.
 
 
 11
 Here, the district court carefully considered and applied Rhodes in finding that Gillespie had failed to show a fair and just reason for withdrawing her guilty plea. In so doing, the court found that: Gillespie had not asserted her innocence in her motion to withdraw or during the hearing on her motion to withdraw; if Gillespie had been allowed to withdraw her plea of guilty and had the government been forced to try the case it might be difficult for the government to obtain the testimony it anticipated from two important witnesses; if the plea had been withdrawn and Gillespie had been tried, the court would once again have had to call a large number of jurors and issue subpoenas for the production of witnesses, causing substantial inconvenience to the court; Gillespie did not raise a material issue as to the knowing and voluntary nature of her plea; and allowing Gillespie to withdraw her plea and proceed to trial would be a waste of judicial resources.
 
 
 12
 The court further noted that Gillespie had entered a knowing and voluntary plea and that "we do not believe her change of heart provides sufficient cause to grant leave to withdraw her guilty plea, particularly in light of the thorough questioning which took place prior to accepting her plea and the other circumstances in the case." (R., Vol. One, Tab 193 at 14).
 
 
 13
 We have reviewed the record on appeal and hold that the district court's denial of Gillespie's motion to withdraw plea did not give rise to an abuse of discretion.
 
 
 14
 We AFFIRM.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3