25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leland C. BAXTER, Defendant-Appellant.
 No. 93-4135.
 United States Court of Appeals,
Tenth Circuit.
 June 10, 1994.
 
 ORDER AND JUDGMENT*
 Before BRORBY, SETH, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Leland Baxter challenges the refusal of the United States District Court for the District of Utah to allow him to withdraw his guilty plea. Baxter appeared before the district court in January 1993, after having spent eight months in jail, to enter a guilty plea in which he admitted to possessing toluene with intent to manufacture methamphetamine and to aiding and abetting in violation of 21 U.S.C. 841(d) and 18 U.S.C. 2. The remaining two counts in the indictment were dismissed pursuant to a plea agreement. Before sentencing, Baxter again appeared before the judge, seeking to withdraw his plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure. The district court denied his request and sentenced him to twenty-seven months in prison. We review the district court's denial of a plea withdrawal for an abuse of discretion, United States v. Hickok, 907 F.2d 983, 985 (10th Cir.), and affirm the district court.
 
 
 3
 The defendant has the burden of proving a "fair and just reason" for the withdrawal of a plea. See United States v. Rhodes, 913 F.2d 839, 845 (10th Cir.) (explaining seven factors to consider in applying this standard); Hickok 907 F.2d at 985-86. On appeal, Baxter claims he did not understand the meaning of "intent" and that he did not plan to manufacture methamphetamine. Furthermore, he claims he pled guilty only because he believed he would be released from jail that day. Thus, he argues he did not enter the plea knowingly or voluntarily.
 
 
 4
 The transcript from the initial plea hearing and the hearing on the motion to withdraw the plea both indicate that the district court followed the requirements in Rule 11 of the Federal Rules of Criminal Procedure. See Rhodes, 913 F.2d at 842-44. The judge was careful in making sure Baxter understood what he was admitting and that the admissions were voluntary. At the plea hearing, the Assistant United States Attorney gave a factual basis for the charge, including a statement that defendant spoke to police officers and "basically confessed to his intent to manufacture methamphetamine with [codefendant]." R.O.A. Vol. II, at 11. Baxter only disagreed that he did not know how to make methamphetamine. The court questioned Baxter further:
 
 
 5
 THE COURT: Was it your intent to make methamphetamine?
 
 
 6
 THE WITNESS: I was not helping him [codefendant] but I was not stopping him either. It was not--I don't know how to do it.
 
 
 7
 ....
 
 
 8
 THE COURT: It does not matter if you personally were going to bake the cake, if you had it there with the intent to make it into methamphetamine, that is the essence of the crime.
 
 
 9
 THE WITNESS: I had it for that.
 
 
 10
 THE COURT: And I don't want you to say that is what you were doing if it wasn't.
 
 
 11
 THE WITNESS: That is what the toluene was at my house for.
 
 
 12
 THE COURT: And you knew that?
 
 
 13
 THE WITNESS: Yes.
 
 
 14
 THE COURT: And you possessed the toluene for that purpose?
 
 
 15
 THE WITNESS: Right.
 
 
 16
 Id. at 11-12.
 
 
 17
 In making sure that the plea was entered voluntarily, the court asked him whether he had been adequately represented, had discussed the plea agreement with his attorney, and whether he was entering the plea of his own free will. Furthermore, the court read certain portions of the Statement by Defendant in Advance of Plea of Guilty and asked Baxter, "Beyond those agreements, have any other inducements or promises been made to you to get you to enter a guilty plea here today?" Id. at 9-10. Baxter replied "No."
 
 
 18
 At the hearing on his motion to withdraw the plea, Baxter attempted to explain his lack of understanding by again emphasizing that he did not know how to make methamphetamine and by giving other explanations for the presence of toluene. Baxter even went so far as to admit that he lied at the plea hearing because he was under pressure, but that he was now telling the truth. We find that the district court adequately assessed Baxter's credibility and fully explored Baxter's understanding of the meaning of intent and that Baxter's later recantation does not warrant a withdrawal of his guilty plea.
 
 
 19
 Additionally, Baxter argues that the government and his attorney gave him misinformation about the potential sentence which led him to believe he would not be incarcerated for more than a few more months. The projected sentence, prior to the presentence report, was ten to sixteen months or fifteen to twenty-one months, depending on his offense level. However, his criminal history brought the sentence up to twenty-seven to thirty-three months. Because of this mistaken assumption, Baxter argues that he should be allowed to withdraw his plea. See United States v. Johnson, 973 F.2d 857 (10th Cir.). The government contends that Baxter did not raise this issue before the district court. However, at the plea withdrawal hearing, his attorney mentioned that Baxter believed that if he accepted the plea he would not serve any more time than he already had. Furthermore, the government discussed this precise issue at the hearing. Thus, this issue was properly raised on appeal.
 
 
 20
 Again, the district court was thorough in explaining the consequences of the guilty plea. At the plea hearing, the judge explained that the maximum penalty was ten years in prison and a $250,000 fine or both and that "in the worst case scenario for you, you could receive that much prison time and that large of a fine" to which Baxter agreed that he understood. R.O.A. Vol. II, at 6. The court estimated a sentencing range, but discussed the potential of a higher sentence. Baxter's attorney represented to the court that Baxter's sentence would be minimal especially in light of the government's agreeing to recommend the minimum sentence. In response, the government clearly stated that "we don't know exactly where his sentencing range will come out" and that the probation officer "is just not sure either" and mentioned his criminal history. Id. at 15. The representations made by Baxter's attorney do not create error. In Rhodes, 913 F.2d at 843, we stated that if a sentencing range ends up higher than what counsel predicted, it does not necessarily indicate a violation of Rule 11.
 
 
 21
 The judge estimated an offense level of ten or twelve, with fifteen to twenty-one months maximum, but added the caveat, "if these guidelines [for release] work out it may be that you'll be okay based on time served. I am not guaranteeing that. It could be that if this report comes back the other way you'll be going back to jail for some time. I don't know." R.O.A. Vol. II, at 21. Although it appears that the court was referring to Baxter's behavior between the time of the plea hearing until the time of sentencing, the transcript reflects that the court did not promise a particular sentence. In fact, the court clearly told Baxter the maximum possible was ten years. Baxter received twenty-seven months, well within the applicable range; thus, Baxter's argument based on Johnson is without merit under these facts. 973 F.2d at 861 (where a plea was entered without notice of mandatory minimum enhancement; therefore, based on an inaccurate maximum sentence and under false assumptions, withdrawal may be warranted).
 
 
 22
 We find the district court did not abuse its discretion in denying Baxter's motion to withdraw his guilty plea. The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470