39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. WILLIAMS, Defendant-Appellant.
 No. 94-3085.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1994.
 
 ORDER AND JUDGMENT*
 Before SETH, BARRETT, and LOGAN, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant appeals from the denial of his motion to vacate, set aside or correct his sentence under 28 U.S.C. 2255. Appellant pled guilty to armed robbery of Kansas City Fiberglass Credit Union and was sentenced to 240 months' imprisonment and restitution. In this appeal, Appellant claims ineffective
 
 
 3
 assistance of counsel. He argues that his attorney did not inform him of the possibility that he could be sentenced under the career offender section 4B1.1 of the Sentencing Guidelines. In his brief, he claims that had he known of this possibility he would not have agreed to plead guilty.
 
 
 4
 The test for evaluating an ineffective assistance of counsel claim is set forth in Strickland v. Washington, 466 U.S. 668, 687, and requires that Appellant show counsel's actions were deficient and that the attorney's actions prejudiced Appellant. The standard of performance is whether the attorney provided reasonably effective assistance. United States v. Rhodes, 913 F.2d 839, 844 (10th Cir.). The presumption is that the attorney's conduct is reasonable. Id. The second prong can be proven if Appellant can show that a reasonable probability exists that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (quoting Laycock v. State of NewMexico, 880 F.2d 1184, 1187 (10th Cir.)).
 
 
 5
 The district court denied Appellant's motion to vacate, set aside or correct his sentence, finding that Appellant did not meet both prongs of the Strickland test. We review the court's determination of an attorney's performance in an ineffective assistance of counsel claim de novo. Id.
 
 
 6
 Counsel for Appellant had advised Appellant about his potential sentence based on knowledge of a prior conviction in Missouri. Counsel submitted an affidavit stating that he did not inform Appellant of the possibility of career offender status prior to Appellant entering his plea because he was not aware of Appellant's prior military conviction for kidnapping. According to counsel, military convictions are not recorded on the computerized system used by law enforcement personnel for criminal history. Counsel claims he was not aware of Appellant's military background until the presentence report was prepared. At that time, counsel remedied the situation by consulting Appellant and asking if Appellant wanted to attempt to withdraw his plea. Appellant apparently did not want to withdraw his plea and instead wanted to proceed to sentencing so that he would be eligible for an acceptance of responsibility reduction.
 
 
 7
 Appellant claims that the ineffective assistance occurred because counsel never asked Appellant about his prior convictions or whether he had military convictions; thus, he was not deliberately withholding information from counsel as was the appellant in Rhodes. Counsel's failure to investigate does not rise to the level of unreasonable conduct given the fact that counsel attempted to meet the problem by discussing Appellant's options once he discovered the military conviction. Appellant has failed to establish that counsel acted unreasonably deficient under the Strickland test; consequently, he has not shown that he was deprived of his right to effective assistance of counsel. Additionally, because Appellant became aware of the possibility of career offender applicability prior to sentencing, and was given the opportunity to attempt to alter his plea but chose not to do so, he does not meet the second prong which requires that Appellant show he would have acted differently had he known.
 
 
 8
 The denial of Appellant's motion is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470