43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence Lee TURNER, Defendant-Appellant.
 No. 94-6111.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals the district court's denial of his motion to vacate, set aside or correct his sentence, 28 U.S.C. 2255, imposed following his convictions for conspiring to possess cocaine, with the intent to distribute, 21 U.S.C. 841(a)(1), 846; possession of cocaine, with the intent to distribute, 21 U.S.C. 841(a)(1); 18 U.S.C. 2; and, on two occasions, using the telephone to facilitate the conspiracy, 21 U.S.C. 843(b). These convictions resulted from defendant's involvement in the purchase of cocaine from undercover government agents. The district court imposed sentences of 120 months on each of the first two convictions and sentences of forty-eight months each on the two telephone facilitation convictions, all to run concurrently. In addition, the court imposed concurrent fourand one-year terms of supervised release and special assessments in the amount of $200.
 
 
 3
 In his 2255 motion, defendant challenged his sentence as being the product of ineffective assistance of counsel at the sentencing hearing and on direct appeal. In order to succeed on an ineffective assistance claim, defendant must establish both that his counsel's representation was deficient and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). We review the district court's decision denying 2255 relief on these ineffective assistance claims de novo. See United States v. Fisher, No.94-6078, 1994 WL 588626, at * 2 (10th Cir. Oct. 28, 1994). Upon consideration of the record and the parties' written arguments on appeal, we affirm the district court's decision.
 
 
 4
 On appeal, defendant argues that his attorney's representation at sentencing and on direct appeal was ineffective because counsel failed (1)to introduce evidence, or even refer to evidence already in the record, supporting defendant's objections to the presentence investigation report's use of three kilos of cocaine, rather than one, to calculate his base offense level; (2)to argue, at sentencing or on direct appeal, that defendant's sentence, as a matter of law, could not be based upon more than one kilo of cocaine; (3)to explain, in response to the sentencing court's inquiry, defendant's apparent ability to make monthly payments on an expensive car; (4)to introduce evidence of defendant's modest life-style; (5)to introduce evidence of defendant's credit history; (6)to request a downward departure because his criminal history overstated the seriousness of his past criminal conduct and the likelihood that he would commit crimes in the future; and (7)to request imposition of a sentence at the lower end of the applicable guideline range because the low price at which the undercover agents agreed to sell defendant the cocaine inflated the amount for which he has now been held accountable.
 
 
 5
 Review of the record indicates that counsel, at sentencing, did argue that defendant's culpable conduct involved only one kilo of cocaine, rather than three. In response to counsel's objection, the sentencing court made a finding of fact, fully supported by the record, that defendant's base offense level should be calculated based upon defendant's negotiation for the sale of all three kilos of cocaine. It is difficult to determine what additional argument defense counsel could have made on the basis of the trial record. Defendant asserts that counsel should have presented additional evidence at sentencing showing that defendant never intended to purchase all three kilos, the third party that defendant was representing in the negotiations never authorized him to purchase more than one kilo of cocaine and defendant simply let on to the undercover agents that he was interested in purchasing all three kilos in order to negotiate a better price for the one kilo he actually intended to buy. Despite the obvious importance of these issues to his sentence, defendant admits that he never advised defense counsel of any of this information. See Appellant's Opening Br., second ex. marked A (Defendant's Supplemental Declaration) at 3. "A claim of ineffective assistance of counsel cannot be charged 'when the essential and foundational information required to trigger such an investigation is withheld from the defendant's attorney by the defendant himself.' " United States v. Rhodes, 913 F.2d 839, 844 (10th Cir.1990)(quoting United States v. Miller, 907 F.2d 994, 998 (10th Cir.1990)), cert. denied, 498 U.S. 1122 (1991).
 
 
 6
 Review of the record also establishes that defense counsel, at sentencing, did address defendant's financial status and the seriousness of his criminal history. Having reviewed the transcript of the sentencing hearing, we cannot conclude that counsel's presentation of these issues was deficient. Defendant's remaining arguments are not persuasive.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470