45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin L. BROWN, Defendant-Appellant.
 No. 94-3030.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1995.
 
 Before TACHA, LOGAN and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Melvin L. Brown appeals from the judgment entered after he pleaded guilty to one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. 841(a)(1). On appeal defendant contends that the district court erred in (1) finding his plea was voluntary, (2) denying his motion to withdraw that plea pursuant to Fed.R.Crim.P. 32(d), (3) accepting as relevant conduct additional drug quantities that increased his offense level and (4) imposing an unconstitutional sentence because 21 U.S.C. 841(b)(1) and U.S.S.G. 2D1.1 have a disparate racial impact.[2]
 
 
 2
 * Bureau of Alcohol, Tobacco and Firearms (ATF) agents obtained a warrant to search defendant's residence based on a tip from Michael Franklin, a confidential informant. The agents recovered 117.7 grams of cocaine base, a small quantity of marijuana, and weapons. Defendant was not present when that warrant was executed, and was not arrested until approximately five months later when the informant arranged to purchase cocaine base from him. At the time of the arrest ATF agents recovered more than eleven grams of cocaine base, cash, and a pager from defendant's vehicle.
 
 
 3
 Defendant was indicted on two counts of possession of cocaine based on the residence search and the arranged purchase. The count based on the residence search was dropped in negotiations for defendant's plea of guilty to the other count. After a presentence report (PSR) was completed but before sentencing, defendant filed a motion to withdraw his plea. The district court denied the motion and, after ruling upon various objections to the PSR, sentenced defendant to 210 months incarceration, the minimum under the guidelines as calculated by the district court.
 
 
 4
 In calculating defendant's base offense level the court included the amounts of cocaine base recovered during the search of the residence (117.7 grams) and recovered from defendant's vehicle when he was arrested (11.4 grams), as well as amounts defendant told the informant he had sold earlier that day (113.4 grams) and the cocaine base equivalent of the cash recovered from his vehicle ($3,370.00 or 85.05 grams). This total (327.55 grams) placed defendant in the base offense level of 34. See U.S.S.G. 2D1.1(c)(3) (more than 150 but less than 500 grams).
 
 II
 
 5
 Defendant first asserts that his plea was involuntary because he did not know that 1B1.3 of the Sentencing Guidelines provided for including other relevant conduct in determining his offense level--that because of this he did not make a "deliberate, intelligent" decision to plead guilty. On this issue the case is quite similar to, and controlled by, United States v. Rhodes, 913 F.2d 839, 843 (10th Cir.1990), cert. denied, 498 U.S. 1122 (1991).
 
 
 6
 At the change of plea hearing the district court went through the full litany of Fed.R.Crim.P. 11(c), specifically explaining the statutory minimum and maximum terms of imprisonment, and that the applicable guidelines would be applied in sentencing. The court did not inform defendant of the precise criminal history or offense level that would apply; it told him that the court would not be able to determine the guidelines sentence until after the PSR was prepared and the court could rule on the objections.[3] This is all that was required of the court, as we determined in Rhodes. See 913 F.2d at 843. Further, here defendant's plea agreement indicated that he understood that his sentence might reflect other relevant criminal conduct.[4] The record supports the conclusion that defendant's plea was voluntary as a matter of law.
 
 III
 
 7
 We review for abuse of discretion defendant's assertion that the district court erred in denying his Fed.R.Crim.P. 32(d) motion to withdraw his guilty plea. United States v. Hickok, 907 F.2d 983, 984 (10th Cir.1990). A district court may permit a defendant to withdraw a guilty plea before sentencing "upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32. We have enumerated seven considerations in determining whether withdrawal of a plea is "fair and just": "(1)whether the defendant has asserted his innocence; (2)prejudice to the government; (3)delay in filing defendant's motion and, if so, the reason for the delay; (4)inconvenience to the court; (5)defendant's assistance of counsel; (6)whether the plea is knowing and voluntary; and (7)waste of judicial resources." United States v. Elias, 937 F.2d 1514, 1520 (10th Cir.1991) (citations omitted). A defendant bears the burden of demonstrating a fair and just reason for withdrawal of a plea. United States v. Burger, 964 F.2d 1065, 1070-71 (10th Cir.1992), cert. denied, 115 S.Ct. 144 (1994).
 
 
 8
 Defendant asserts that his misinformation about how his relevant conduct might affect his offense level constitutes a "fair and just" reason for withdrawal of his guilty plea. Defendant's essential complaint is with the length of the sentence imposed. We have rejected dissatisfaction with a sentence as a reason to withdraw a plea. Elias, 937 F.2d at 1520.
 
 
 9
 Defendant further argues that he is innocent and that he received ineffective assistance of counsel. This is also unavailing. The district court had the government recite, during the plea hearing, the evidence it would produce to prove defendant's guilt; defendant heard this and responded by stating in open court that he had made the sale of crack cocaine charged, realizing at the time it was a violation of the law. IV R. 10-13. Defendant's belated assertions of innocence are unavailing. As to his claim of ineffective assistance of counsel, he states that his attorney did not discuss the guidelines range and predicted a five-year sentence in exchange for a guilty plea. Collateral attack rather than a direct criminal appeal is the appropriate avenue for this type of ineffective assistance of counsel claim, as it requires the development of a record of happenings outside the trial record. See Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991).[5] Based on the appellate record before us, there is insufficient evidence to conclude that the district court abused its discretion in denying defendant leave to withdraw his plea.
 
 IV
 
 10
 Defendant next contends that the district court erred by including drug quantities reported by the informant as relevant conduct in calculating defendant's base offense level. We review for clear error a district court's findings of fact when calculating drug quantities that are used as other relevant conduct. See United States v. Boyd, 901 F.2d 842, 845 (10th Cir.1990). We defer to the district court's credibility evaluations in the sentencing phase of criminal proceedings. United States v. Cook, 949 F.2d 289, 297 (10th Cir.1991).
 
 
 11
 Defendant acknowledges that under the Guidelines it is proper for the district court to consider other relevant conduct when establishing defendant's base offense level. He asserts, however, that the court erred in relying on information from the informant because the informant lacked credibility. Defendant points out that the informant was described by the district court as less than a "paragon[ ] of virtue," and was arrested for cocaine distribution while working as a confidential informant. That Franklin was a past or current drug dealer while working as an informant does not necessarily destroy his credibility. This informant's information concerning defendant's drug trafficking activity was known to be trustworthy. His statements to ATF agents concerning the cocaine base they would recover from defendant's residence when it was searched was accurate; he had arranged to purchase cocaine base in the transaction that led to defendant's arrest. The district court could reasonably find the additional information provided by the informant about defendant's drug trafficking activity manifested the necessary minimum indicia of reliability. See Cook, 949 F.2d at 296. The district court's factual findings were not clearly erroneous.
 
 V
 
 12
 Finally, defendant challenges the constitutionality of 21 U.S.C. 841(b)(1) and U.S.S.G. 2D1.1--which impose a heavier penalty for possession of cocaine base than for an equal amount of cocaine powder--based upon its disparate racial impact. We already have rejected such a challenge in United States v. Robinson, 978 F.2d 1554, 1565 (10th Cir.1992), cert. denied, 113 S.Ct. 1855 (1993). Defendant properly acknowledges that this issue is settled in our circuit, stating that his purpose on appeal is to preserve this issue for a later challenge.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 The district court questioned defendant as follows at the change of plea hearing:
 THE COURT: Now the Court does want to inform you that under the Sentencing Reform Act of 1984 and the amendments to that act, that the United States Sentencing Commission has issued certain guidelines for courts to follow in determining the appropriate sentence in a criminal case such as this. Now have you and your attorney discussed how the Sentencing Commission guidelines might apply to your case?
 THE DEFENDANT: Yes.
 THE COURT: And do you understand that the Court will not be able to determine the guidelines sentence applicable to your case until after a presentence investigation report has been completed by the Probation Office and you and the Government have had an opportunity to challenge the facts as reported by the probation officer?
 THE DEFENDANT: Yes, sir.
 THE COURT: Do you also understand that after it has been determined what guideline applies to your case, that the Court has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines?
 THE DEFENDANT: Yes, I do.
 IV R. 5-7.
 
 
 [4]
 The plea agreement stated
 I understand that a U.S. Probation Officer will be assigned to conduct a thorough presentence investigation to develop all relevant facts concerning my case unless the Court finds that there is in the record sufficient information to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. 3553. In determining the sentence to impose, I understand that the Court may take into account all relevant criminal conduct and background characteristics unless otherwise prohibited by law. I further understand that my background characteristics including, but not limited to, the recency and frequency of my prior criminal record, whether or not a substantial portion of my income resulted from criminal conduct, my role in the offense, victim-related circumstances, and my acceptance of the responsibility for the offense, may have specific effect on the sentence.
 II R. Doc. 40 1/217; see also id. at 1/216.
 
 
 [5]
 Defendant asserted at the Rule 32(d) hearing that his attorney told him he would receive a five-year sentence by pleading guilty. I R. Supp. 13-14, 17. Defendant's father, apparently the only other person present during that discussion, offered conflicting testimony, stating that defense counsel predicted a fiveto eight-year sentence after pleading guilty. Id. at 18-19