FILED
United States Court of Appeals
Tenth Circuit

March 29, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE O. JIMENEZ,

    Defendant - Appellant.

No. 15-1468
(D.C. Nos. 1:15-CV-01426-RBJ and
1:13-CR-00195-RBJ-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Jose Jimenez seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

Pursuant to a plea agreement, Jimenez pled guilty to one count of attempted bank robbery and was sentenced to 210 months' imprisonment. In exchange for the government's promise to dismiss additional charges against him and recommend that he receive the maximum benefit for acceptance of responsibility, he waived his right to appeal except in limited circumstances.

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Based on the stipulated facts of the case, and the fact that Jimenez claimed he had no prior felony convictions, the agreement estimated an offense level of 34 and a criminal history category of I, resulting in an estimated range under the United States Sentencing Guidelines of 151 to 188 months. The agreement stated that the range reflected "simply the parties' best estimate and [that] the government is not bound by the calculation if the probation department determines a different advisory guideline range applies." Moreover, it acknowledged that "the court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position recommendation of the parties . . . ."

In connection with the plea agreement, Jimenez submitted a sworn statement that "[t]he nature of the charge(s) against [him had] been explained to [him] by [his] attorney," that the court was not bound to impose any specific sentence in the case, and that he was waiving the right to appeal his conviction or sentence, except in limited circumstances. Jimenez also represented that he was "satisfied with [his] attorney" and that he believed that he had been represented effectively and competently.

The Probation Office's calculation of the Guideline range differed from the parties' preliminary estimation. It calculated an offense level of 36 because Jimenez stole one of his victims' cars after his failed robbery attempt, which the Probation Office concluded constituted carjacking. Further, the Office calculated a criminal history category of II, based in part on its discovery—contrary to Jimenez's representation to the court—that he had a prior felony conviction for taking a motor

2

vehicle without permission in the second degree while armed with a firearm. He was never sentenced for that conviction because he absconded prior to the sentencing hearing. Under the properly-calculated offense level and criminal history category, the advisory Guidelines range was 210 to 262 months. The district court sentenced Jimenez to the minimum Guidelines-recommended 210 months, concluding it was a fair and appropriate sentence.

Jimenez directly appealed, but voluntarily dismissed the appeal before it was resolved. He then filed a § 2255 motion, challenging his sentence claiming: (1) the government breached its promise to recommend 151 to 188 months' imprisonment; (2) the breach rendered the appeal waiver unenforceable; (3) his counsel was ineffective in fourteen respects; and (4) his sentence was improperly calculated. The district court denied relief on all grounds. This request for a COA followed.

**II**

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To do this, Jimenez must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We construe Jimenez's pro se filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his request for a COA, Jimenez argues: (1) the government breached the plea agreement; (2) his sentence was improperly calculated; and (3) trial counsel was

ineffective.[1]  Because claims one and three are meritless, and absent breach Jimenez

may not pursue claim two, we deny a COA.

## A

An appellate waiver is not enforceable if the government breaches its

obligations under a plea agreement.  See United States v. Rodriguez-Rivera, 518 F.3d

1208, 1212 (10th Cir. 2008).  We review whether the government breached a plea

agreement de novo.  Id.  Jimenez argues the government breached the plea agreement

by changing its recommended sentence from 151 to 188 months in the plea

agreement to 210 to 240 months at the sentencing hearing.  But the government never

promised Jimenez it would make a particular sentencing recommendation.  Instead,

the plea agreement contained a preliminary calculation of the Guidelines range, and

explicitly stated that "the government is not bound by the calculation if the probation

department determines a different advisory guideline range applies."  Thus, we agree

with the district court that the government did not breach the plea agreement.  Absent

breach, the agreement is enforceable, including its appeal waiver which bars

Jimenez's claim that his sentence was improperly calculated.[2]  Id. at 1212.

---

[1] For the first time, Jimenez also argues prosecutorial misconduct.  We decline
to address this issue, which was not presented to the district court.  See Farmers Ins.
Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir. 1989).

[2] Jimenez explicitly waived any "challenge [to] this prosecution, conviction, or
sentence and/or the manner in which it was determined" subject to limited exception.
Jimenez has never argued that enforcing the waiver would result in a miscarriage of
justice and we reject the claim that he did not enter into the plea agreement
knowingly and voluntarily infra.  See United States v. Hahn, 359 F.3d 1315, 1325

4

**B**

Jimenez also claims multiple instances of ineffective assistance of counsel. To prevail on this claim, he must make a substantial showing both that counsel was deficient and that "the deficient performance prejudiced the [defendant]." Strickland v. Washington, 466 U.S. 668, 687 (1984).

Jimenez alleges his counsel was ineffective for failing to object to the government's attempt to get him to sign an appellate waiver, and failed to explain the difference between a collateral and direct appeal. Construed liberally, Hall, 935 F.2d at 110, these arguments both assert that the plea agreement is unenforceable because it was not made knowingly, intelligently, or voluntarily. See United States v. Rhodes, 913 F.2d 839, 843 (10th Cir.1990). After Jimenez initially rejected the plea agreement, he consulted further with counsel, negotiated with the government to obtain more favorable terms, and—after the court thoroughly explained the effects of the appellate waiver—made an informed decision to plead guilty with the appellate waiver in place. Moreover, when asked if he was satisfied with his lawyer's work, Jimenez said yes and agreed that he had been given "as much time as [he felt] [he] need[ed] to ask [counsel] questions and get his advice." The record belies any claim that Jimenez's plea was not knowing, intelligent, or voluntary, and as such, the waiver is enforceable. Thus, counsel was not ineffective for failing to raise these issues.

---

(10th Cir. 2004) (en banc). Generally, absent these exceptions, we "enforce plea agreements and their concomitant waivers of appellate rights." Id. at 1318.

Jimenez also asserts counsel failed to: (1) object to lack of proof that the bank was insured by the Federal Deposit Insurance Corporation and (2) object to the indictment as defective. These arguments are waived by Jimenez's guilty plea. "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." United States v. De Vaughn, 694 F.3d 1141, 1157 (10th Cir. 2012) (quotations omitted). Because Jimenez admitted his guilt, counsel was not ineffective for failing to argue that he was not guilty.[3]

He additionally argues that counsel did not: (1) object to the government's request for a sentence of 210 months' imprisonment; (2) object to the increased Guidelines range as an ex-post facto punishment; and (3) argue for vacatur of the guilty plea because of the government's breach of the plea agreement. These arguments are all premised on the assertion that the government breached the agreement. As discussed supra, the government did not breach the agreement, and thus, counsel was not deficient for failing to object.

Finally, Jimenez argues that counsel did not object to the enhancement for stealing a victim's car, which he suggests amounted to the addition of carjacking as a new charge. At base, his argument is that the theft did not amount to carjacking. Carjacking is the "taking of a motor vehicle from [a] person . . . by force and

---

[3] Jimenez also claims ineffective assistance for failing to argue for a downward variance because Jimenez had a substance abuse problem at the time of the robbery. Not only did Jimenez's lawyer argue this before the district court but his lawyer also requested placement in a drug treatment program for Jimenez.

6

violence or by intimidation." U.S.S.G. § 2B3.1(b)(5) cmt. 1. Based on the undisputed facts Jimenez admitted in his guilty plea, the district court properly concluded that Jimenez's conduct—that he stole the keys to his getaway car from a teller after forcing the teller to her knees at gunpoint—qualified as carjacking for the purposes of a sentencing enhancement. We agree. Jimenez has not made a substantial showing that counsel was deficient for failing to argue otherwise.

### III

We **DENY** the request for a COA and **DISMISS** the appeal. We **GRANT** Jimenez's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

7