36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Duane BURK, Defendant-Appellant.
 No. 94-3098.
 United States Court of Appeals, Tenth Circuit.
 Sept. 26, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Richard Duane Burk pled guilty to one count of armed bank robbery, in violation of 18U.S.C. 2113(a) and (d), and to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g). Prior to sentencing, he filed a pro se motion to withdraw his plea and to have new counsel appointed. The court granted Burk's motion for new counsel, subsequently denied the motion to withdraw his plea, and sentenced Burk under the sentencing guidelines to concurrent terms of 300 months imprisonment. Mr. Burk appeals the denial of his motion, contending that the court erred in finding (1) that he had failed to show a fair and just reason for withdrawing his guilty plea under Fed.R.Crim.P. 32(d); and (2) that he had entered his pleas knowingly and voluntarily. We affirm.
 
 BACKGROUND
 
 3
 Mr. Burk robbed two Topeka, Kansas, banks at gunpoint in August 1993. R. Vol. VI at 6, 11. Burk was arrested in Arizona in late September, returned to Kansas, and indicted on two counts of armed bank robbery and two counts of being a felon in possession of a firearm. Pursuant to a plea agreement, Burk agreed to plead guilty to the second bank robbery and associated firearm count, and the government agreed to dismiss the two counts related to the first robbery, and also agreed to not oppose concurrent sentencing and a three-point reduction for acceptance of responsibility. The court accepted Burk's plea in a Fed.R.Crim.P. 11 hearing on December 23, 1993.
 
 
 4
 In a letter filed with the court on February 8, 1994, Burk complained that his attorney had falsely represented himself as a friend, and that he had misinformed Burk about the probable sentence. R. Vol. I, Tab 32 at 5.
 
 DISCUSSION
 
 5
 We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir.1992), cert. denied, 113 S.Ct. 1854 (1993). Prior to sentencing, a district court may permit withdrawal of a guilty plea "upon a showing by the defendant of any fair and just reason.' " Burger, 964 F.2d at 1070 (quoting Fed.R.Crim.P. 32(d)). "The defendant bears the burden of showing a fair and just reason.' " Id. at 1070-71. Some of the considerations in such a showing are as follows: A.III. did the defendant assert his innocence; A.IV. would withdrawal prejudice the government; A.V. did the defendant delay in filing his motion, and if so, why; A.VI. would withdrawal substantially inconvenience the court; A.VII. did the defendant have close assistance of counsel; A.VIII.was the plea knowing and voluntary; and A.IX. would withdrawal waste judicial resources. United States v. Rhodes, 913 F.2d 839, 845 (10th Cir.1990) cert. denied, 498 U.S. 1122 (1991).
 
 
 6
 The district court reviewed these factors, found against Burk on each, and concluded that Burk had not presented a fair and just reason for the withdrawal of his plea under Rule 32(d). R. Vol. V at 8-12.
 
 
 7
 Burk argues that he should have prevailed on each of the listed criteria. First, he contends that he asserted his legal innocence in his withdrawal motion by stating, in conclusory fashion, his belief that the government could not prove his guilt beyond a reasonable doubt. This is not the direct assertion of innocence contemplated. His bare hope for acquittal is not a "legally cognizable defense" and therefore is not an effective claim of legal innocence. See United States v. Barker, 514 F.2d 208 (D.C.Cir.1975); see also Fed.R.Crim.P. 32 advisory committee's note to the 1983 amendment (citing Barker and United States v. Joslin, 434 F.2d 526 (D.C.Cir.1970)).
 
 
 8
 Next, Burk contends that the government showed no specific prejudice. This argument overlooks the fact that Burk had the burden of persuasion. United States v. Hickok, 907 F.2d 983, 986 (10th Cir.1990). "[T]here is no reason to view pleas ... as merely "tentative," subject to withdrawal before sentence whenever the government cannot establish prejudice.' " Id. at 987 (quoting Notes of Committee on the Judiciary, House Report No. 94-247, Federal Criminal Code and Rules, p. 112 (West Publishing Co.1990)); see also Rhodes, 913 F.2d at 845 ("Defendant bears the burden of showing a fair and just reason' for withdrawal of his plea.").
 
 
 9
 Third, he contends that the six-week delay in filing his motion is reasonable, given his incarceration and his original counsel's failure to communicate with him. The longer a defendant delays in filing, the more substantial the reasons he must proffer in support of his motion to withdraw. United States v. Laliberte, 25 F.3d 10, 15 (1st Cir.1994). According to Burk's motion, his change of heart was prompted by his belated assessment that he would receive a harsher sentence than he had anticipated.[2] R. Vol. I, Tab 40. The unanticipated severity of a sentence is not a basis for withdrawal under Rule 32(d). Rhodes, 913 F.2d at 845.
 
 
 10
 Burk also disputes the finding that his plea was voluntary and knowing. Although this factor is included in the considerations under Rule 32(d), it is also the basis of a separate claim of error, which we fully address below. Burk's remaining arguments regarding Rule 32(d) are conclusory, without merit, and involve determinations well within the court's sound judgment. The district court did not abuse its discretion in denying Burk's motion to withdraw his guilty plea.
 
 B. Voluntary and Knowing Plea
 
 11
 Mr. Burk raises the constitutional claim that the district court erred in finding that his plea was voluntary and knowing. Whether a plea is voluntary presents a federal question subject to de novo review. Rhodes, 913 F.2d at 843.
 
 
 12
 Essentially, Burk alleges that his original attorney's false display of friendship, combined with incorrect advice about the possibility of a downward departure in sentencing, created a coercive reliance which made his decision to plead guilty involuntary and unknowing. We disagree.
 
 
 13
 The written petition to enter plea and the plea agreement belie any claim that his plea was involuntary and unknowing. In those documents Burk repeatedly represents that he was informed of the maximum and minimum penalties, that there were no other promises or inducements, that he understood the consequences of his plea, and that his plea was voluntary. See R. Vol. I, Tab 29, Pet. to Enter Plea 1/2 1/2 (8), (10), (16), (17) and (23), and attached Plea Agreement 1/2 1/2 2, 6. The district court conducted a thorough Rule 11 examination on the record, in open court, during which Burk swore to the accuracy of those representations. R. Vol. II at 8-10; 12-17, 25. "Solemn declarations in open court carry a strong presumption of verity.' " Laycock v. New Mexico, 880 F.2d 1184, 1186-87 (10th Cir.1989) (quoting United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir.1988)).
 
 
 14
 Burk does not deny these facts or allege that the court failed to comply with Rule 11. Rather, he argues that the recitation of maximum and minimum penalties is effectively irrelevant, since the district court was compelled to follow the sentencing guidelines. The argument ignores well-settled law. The court was not required to inform Burk of the applicable Sentencing Guideline range prior to accepting his plea. Rhodes, 913 F.2d at 843.
 
 
 15
 The most plausible interpretation of the record is that Burk simply had a change of heart when he was unable to obtain a recommendation for a downward departure. See Hickok, 907 F.2d at 986. We find no error in the court's conclusion that Burk's plea was voluntary.
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Burk contends that his attorney misinformed him that there was a "strong chance" of receiving a 15-year sentence if he pled guilty. Burk raised the question of ineffective assistance of counsel below, but he does not argue the point on appeal. Rather, he asks us to determine whether a "mistaken belief" about probable sentence, even without any showing of ineffective assistance of counsel, is a sufficient fair and just reason under Rule 32(d). Appellant's Brief at 10