62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Duane BURK, Defendant-Appellant.
 No. 95-3069.
(D.C.No. 94-3487).
 United States Court of Appeals,
Tenth Circuit.
 Aug. 7, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 McKAY.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 In December 1993, Mr. Burk pled guilty to one count of bank robbery and one count of being a felon in possession of a firearm. His satisfaction with this course of action was not long-lived. Mr. Burk first requested new counsel, which was provided. He then sought to withdraw his guilty plea and proceed to trial. The district court denied the motion to withdraw the pleas and sentenced Mr. Burk accordingly. We affirmed in United States v. Burk, 36 F.3d 1106 (10th Cir.1994) (table), 1994 WL 526709 (10th Cir. Sept. 26, 1994). Mr. Burk then moved to vacate his sentence pursuant to 28 U.S.C. 2255. The district court found this motion to be without merit and denied it without requiring a response from the government. We again affirm.
 
 
 4
 Mr. Burk frames this collateral attack as a claim of ineffective assistance of counsel. He alleges that his plea of guilty was induced by his counsel's expectations of a sentence more lenient than that which he received; that his counsel's "fear tactics" coerced a guilty plea from him; that his plea was in any event involuntary; and that he lacked adequate representation at the evidentiary hearing at which his first counsel was removed. The district court ruled that the first three of these claims had, in substance, been addressed on direct appeal and that further consideration was unnecessary in the absence of a change in the governing law. The court further determined that Mr. Burk's lack of representation at the evidentiary hearing had not prejudiced him because the only issue considered at that hearing had been resolved in Mr. Burk's favor. The district court alternatively disposed of all of Mr. Burk's claims of ineffective assistance by holding that his failure to raise such claims upon direct review barred their collateral assertion.
 
 
 5
 The alternative ground relied upon by the district court no longer comports with the law in this circuit. It is true that the failure to raise an issue upon direct appeal generally precludes collateral consideration unless cause and prejudice can be shown. See United States v. Frady, 456 U.S. 152 (1982). In the very recent case of United States v. Galloway, --- F.3d ----, 1995 WL 320423 (10th Cir. May 26, 1995), however, we recognized an exception to the usual rule of procedural bar: claims of ineffective assistance of counsel, which we have suggested are best addressed in collateral proceedings, see Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991), are not defaulted if not raised upon direct review.
 
 
 6
 We nonetheless agree that on direct review we adequately considered, and rejected on the merits, the substance of the claims underlying Mr. Burk's first three alleged instances of ineffective assistance. Unswayed by claims of coercion or undue reliance upon the overly optimistic sentence predicted by his counsel, we at that time held that Mr. Burk's plea was voluntary and knowing. See Burk, 1994 WL 526709, at * 3. We see no reason to hold otherwise today. The faulty estimation of a probable sentence by defense counsel does not meet the standard set by Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52, 58 (1985). See United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir.1993), cert. denied, 114 S.Ct. 1236 (1994). Similarly, the stark language employed by Mr. Burk's counsel in advising his client to plead guilty to one count each of bank robbery and gun possession rather than risk likely conviction (after trial) of two counts of bank robbery and gun possession does not, without more, indicate a lack of volition. Compare United States v. Sanders, 18 F.3d 1488, 1492 (10th Cir.1994). "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir.1989) (quoting United States v. Nolan, 571 F.2d 528, 530 (10th Cir.1978)).
 
 
 7
 We likewise agree that Mr. Burk was not prejudiced by the absence of counsel during the latter stages of the hearing at which his first counsel was dismissed. The hearing was called for the purpose of resolving Mr. Burk's request for a new attorney. The district court granted this request; consequently, Mr. Burk was without representation for the remainder of the hearing. We are unable, however, to perceive what prejudice Mr. Burk suffered from this course of events. Consideration of other issues was put off until a later date, at which time new counsel represented Mr. Burk. We do not think that the brief interval during which Mr. Burk was without counsel affected the outcome of his case.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470