F I L E D
United States Court of Appeals
Tenth Circuit

FEB 23 1999

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SPENCER JONES,

    Defendant - Appellant.

No. 98-3109

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 97-20005-01)

Lanny Welch, Assistant United States Attorney (Jackie N. Williams, United States
Attorney and Kim M. Berger, Assistant United States Attorney on the brief), Kansas City,
Kansas, for Plaintiff-Appellee.

Melanie S. Morgan (Joseph D. Johnson with her on the brief) of Law Offices of Joseph
D. Johnson, Chtd., Topeka, Kansas, for Defendant-Appellant.

Before **PORFILIO**, **MCWILLIAMS**, and **BALDOCK**, Circuit Judges.

**BALDOCK**, Circuit Judge.

    Defendant Spencer Jones appeals the district court's orders denying his motion to

withdraw his guilty plea and sentencing him to 324-months imprisonment. As grounds

for reversal, Defendant contends the district court: (1) abused its discretion in denying his motion to withdraw his guilty plea; and (2) erred in failing to make specific factual findings regarding Defendant's objections to the presentence investigation report. Our jurisdiction arises under 28 U.S. C. § 1291 and 18 U.S.C. § 3742.

## I.

On January 21, 1997, a grand jury returned a two-count indictment charging Defendant with distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). An additional indictment was returned against Defendant on April 9, 1997, charging him with another count of distribution of crack cocaine and with using or carrying a firearm in connection with that offense in violation of 18 U.S.C. § 924(c). The government offered to enter into a plea agreement with Defendant, whereby the government would dismiss the counts contained in the April 9, 1997, indictment in exchange for Defendant's guilty plea to the counts contained in the January 21, 1997, indictment. Defendant accepted the government's offer.

After a hearing, the district court determined that Defendant freely and voluntarily entered the plea agreement, and that he fully understood the nature of the charges against him and the consequences of his plea. See Fed. R. Crim. P. 11. Accordingly, the Court accepted Defendant's plea of guilty and entered judgment against him. Ten days after the Rule 11 hearing, Defendant filed a motion to withdraw his plea alleging that his counsel was ineffective and, as a result, his plea was involuntary. The district court denied the

motion.

Subsequently, a probation officer prepared a presentence investigation report crediting Defendant with ten criminal history points and a resulting offense level of thirty-seven. At the sentencing hearing, Defendant's counsel objected to the presentence investigation report. The district court, without making specific findings, overruled the objections and sentenced Defendant to 324-months imprisonment.

## II.

### A.

Under Fed. R. Crim. P. 32(e), the district court may allow a defendant to withdraw a plea of guilty before sentence is imposed if the defendant provides the court with a fair and just reason for doing so. We review the district court's denial of a motion to withdraw a gulty plea for an abuse of discretion. United States v. Carr, 80 F.3d 413, 419 (10th Cir. 1996). Although it is within the sound discretion of the district court to determine what circumstances justify granting a motion to withdraw a guilty plea, such motions should be "freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude." Id. We will not reverse the district court unless Defendant can demonstrate that the district court abused its discretion by acting unjustly or unfairly. Id. In determining whether a defendant has carried this burden, we consider the following factors: (1) whether the defendant has asserted his innocence; (2) prejudice to the government; (3) delay in filing defendant's motion; (4) inconvenience to the court; (5)

defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) waste of judicial resources. United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993).

Defendant argues that the district court abused its discretion by not allowing him to withdraw his plea. The crux of Defendant's argument appears to be that Defendant's counsel was so unprepared for trial, Defendant was forced to enter into the plea agreement. Defendant's argument finds little support in the record and would ultimately prejudice the government, waste judicial resources, and increase the burden on trial judges whose case loads are already burgeoning.

At Defendant's initial change of plea hearing, the district court asked Defendant if he wished to plead guilty. Defendant stated that he did, but that he wished to say a few things first. He then proceeded to complain to the court about his attorney. He explained that counsel representing him was his third attorney and, like the previous two, his current attorney had done nothing to prepare his case for trial. The court then asked Defendant if he wished to withdraw his plea. Defendant clearly answered in the negative, but stated that he just wanted to "put this on the record." The record before us reveals that, in accordance with Fed. R. Crim. P. 11, the court proceeded to carefully question Defendant to ensure that he understood the consequences of pleading guilty and that he had a right to go to trial. Defendant acknowledged that he understood the consequences and that he wished to plead guilty.

Read in light of the posture of this case, the <u>Gordon</u> factors weigh against Defendant's request to withdraw his plea. First, although he argues that he was "coerced" into pleading guilty because his lawyer was not ready for trial, the record clearly demonstrates that Defendant freely and voluntarily pled guilty before the district court. If Defendant was being coerced into pleading guilty, he should have so stated to the district court. He should have asked the court to appoint competent counsel and to continue his trial date. He did neither. Instead, after firing his first two attorneys, Defendant only felt the need to "put on the record" that, like his first two lawyers, he felt his third lawyer was doing a shoddy job. Obviously concerned by Defendant's complaint, the court offered to let Defendant withdraw his plea at that moment. Defendant declined the court's invitation and, on his own volition, chose to plead guilty to the crimes with which he was charged. After freely and voluntarily pleading guilty, he cannot now complain that he did so under duress. <u>See</u> <u>Gordon</u>, 4 F.3d at 1572; <u>United States v. McCarty</u>, 99 F.3d 383, 385-86 (11th Cir. 1996).

Also of significance is the effect which Defendant's position may have on limited judicial resources. Under Defendant's logic, so long as a defendant complains about his lawyer's performance before he pleads guilty, he may later move to withdraw his plea on the ground that he pled guilty because he feared going to trial with his incompetent or unprepared lawyer. Such a rule would have an enormous impact on the district courts which, as a matter of course, would have to deal with repeated requests to withdraw guilty

5

pleas from defendants who had a change of heart about their decision to plead guilty.[1]  A defendant should not plead guilty because he lacks confidence in his lawyer's ability. Instead, he should inform the judge that his lawyer is unprepared, request new counsel, and ask for a continuance.  By proceeding in such a manner, the defendant protects his own rights and limited judicial resources are conserved.                    Allowing Defendant to withdraw his plea could also prejudice the government.  After Defendant pled guilty, the government informed its witnesses, including two confidential informants, that they no longer needed to testify.  If Defendant is allowed to withdraw his plea, the government will face the presumably difficult task of locating the confidential informants. See Carr, 80 F.3d at 420.  Moreover, government personnel will have to disrupt work on current cases and will have to issue additional subpoenas requiring its witnesses to appear at trial.  See id.  The government will also have to pay the witnesses' travel expenses. Thus, although Defendant filed his motion to withdraw his guilty plea in a timely manner, the government will still suffer prejudice.

We recognize that the district court will experience some degree of inconvenience whenever a plea is withdrawn.  See id.  The facts of this case, however, make it somewhat unique.  Prior to pleading guilty, Defendant terminated two lawyers and caused his trial date to be postponed for several months.  Each time he did this, the district court had to

---

[1]  Indeed, the notion that a defendant may withdraw his guilty plea because he later feels that he made a poor decision has been flatly rejected by numerous courts.  See e.g., United States v. Rhodes, 913 F.2d 839, 845-46 (10th Cir. 1990).

adjust its docket to accommodate his request. Immediately before trial, the government offered Defendant a plea agreement which he discussed with his lawyer. At the change of plea hearing, the district court asked Defendant if he understood the agreement and wished to plead guilty. Defendant did not ask for a new lawyer. He did not indicate a lack of understanding. He stated that he understood the agreement and wished to plead guilty. Defendant took no steps allowing the court to address his complaint in an efficient manner while Defendant, defense counsel, and the government were present. Presumably, in order to grant the relief Defendant requested in his motion to withdraw his guilty plea, the court would have been required to appoint new counsel and work Defendant's case into the court's already busy docket. See United States v. Rhodes, 913 F.2d 839, 845 (10th Cir. 1990). There can be little doubt that granting Defendant's motion would inconvenience the district court.

Apparently recognizing that the above factors weigh quite heavily against him, Defendant argues that we should place great weight on his assertion that his lawyer was not prepared for trial. Defendant's argument fails for a number of reasons. First, Defendant's accusations regarding his lawyer's competence are conclusory. See United States v. Bounds, 943 F.2d 541, 543 (5th Cir. 1991); United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) (motion to withdraw guilty plea may be denied without hearing where allegations contradict record, are inherently incredible, or are simply conclusory). For example, Defendant complains that his lawyer would not file motions at Defendant's

request and would not interview witnesses Defendant felt could help his case. Missing from these allegations, however, is any explanation describing the motions Defendant wished to file and who Defendant wished to call. Moreover, aside from the idea that Defendant's assertions are conclusory, the fact remains that Defendant fired his previous lawyers for the same alleged reasons. It is therefore not surprising that the district court found his allegations less than credible. In addition, the government possessed a good deal of evidence showing that Defendant committed the offenses with which he was charged. Thus, the district court's conclusion that his counsel performed in a constitutionally effective manner seems to rest on solid ground. In sum, this factor is at best no help and at worst harmful to Defendant's case.

Considered in the aggregate, the above factors weigh against granting Defendant's motion to withdraw his guilty plea. Thus, we conclude the district court did not abuse its discretion when it denied the motion.

B.

Fed. R. Crim. P. 32(c)(1) provides that when a defendant objects to the factual accuracy of a presentence report, the district court must either make specific findings as to the allegation or make a determination that such a finding is not necessary because the court is not considering the controverted matter. Defendant argues that the district court erred by not making specific findings regarding each of his objections to the presentence report. We agree.

8

At the sentencing hearing Defendant made several objections to the presentence report.[2] Specifically, Defendant objected to the report's inclusion of several municipal court convictions and the report's consideration of certain relevant conduct. After hearing the objections and the government's response, the court summarily overruled Defendant's objections. In doing so, the court made no specific findings and made no finding that specific findings were not necessary. The court then adopted the presentence report and sentenced Defendant to 324-months imprisonment.

It is well settled that where a party lodges specific objections to the factual content of the presentence report, Rule 32(c)(1) requires the district court "make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Rule 32(c)(1) further requires that "a written record of these findings and determinations must be appended to any copy of the presentence report made available to the bureau of prisons."

---

[2] The government appears to argue that Defendant cannot complain about the district court's failure to make written findings in relation to his objections because Defendant did not object in writing as required by Fed. R. Crim. P. 32(b)(6)(B). Although rule 32(b)(6)(B) requires a defendant to object in writing to the presentence report 14 days before sentencing, rule 32(b)(6)(D) gives the district court discretion to allow new objections at any time before imposing sentence, even if the defendant failed to properly object prior to sentencing. See United States v. Archuleta, 128 F.3d 1446, 1452 n. 12 (10th Cir. 1997). The district court, in its discretion, allowed Defendant to orally object to the presentence report at the sentencing hearing. Once the district court allowed the objection, it was required to make specific findings under Rule 32(c)(1). See United States v. Ruiz, 43 F.3d 985, 991 (5th Cir. 1995) (explaining that court need only make findings under Rule 32 where defendant files written or *oral* objections to presentence report).

If a district court fails to comply with Rule 32(c)(1), we must remand for the court to make the necessary findings and attach them to the presentence report, or for a declaration that the court did not take the controverted matters into account when it sentenced the defendant. United States v. Pedraza, 27 F.3d 1515, 1531 (10th Cir. 1994).

The record demonstrates that the district court did not make findings in relation to Defendant's objections and did not state that it was not taking the controverted material into account in imposing Defendant's sentence. Accordingly, we remand for the district court to either make the necessary findings and attach them to the presentence report or to enter a declaration that it did not consider the controverted matters when imposing Defendant's sentence.

C.

For the foregoing reasons, we REMAND Defendant's case to the district court for findings consistent with Fed. R. Crim. P. 32(c)(1). In all other respects, we AFFIRM.