**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANDREW B. ROWZER,

      Defendant-Appellant.

No. 99-3371
(D.C. No. 98-CR-40074-SAC)
(District of Kansas)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **KELLY**, Circuit Judge.

This case was scheduled for oral argument on May 18, 2001. However, on May 10, 2001, the panel to which the case had been assigned for oral argument determined that oral argument was not needed, and ordered the case submitted on the briefs.

On August 5, 1998, Andrew B. Rowzer ("Rowzer") was charged in a one-count indictment filed in the United States District Court for the District of Kansas with being a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

felon in possession of 11 different firearms in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g). Rowzer retained one Jerold E. Berger ("Berger") to represent him and he pleaded not guilty to the charge. Rowzer was placed on pre-trial supervised release, and, while on release, tested positive for the use of controlled substances, absconded from his supervised release and was a fugitive for some three months. He was apprehended on April 13, 1999, and his case was set for trial on June 15, 1999.

On June 15, 1999, a two-count superseding information was filed (Rowzer waived indictment) charging him in Count 2 thereof with the same offense charged in the indictment, i.e., a felon possessing firearms. In Count 1 of the superseding information, Rowzer was charged with money laundering in violation of 18 U.S.C. § 1957. Specifically, he was charged with purchasing a motorcycle which had a value of more than $10,000.00 from Davis Cycle in Topeka, Kansas, with monies he had obtained in unlawful drug distribution transactions. On that same date, as a jury was about to be selected to try his case, Rowzer and the government entered into a plea agreement whereby Rowzer, after a hearing, was allowed to plead guilty to both counts of the superseding information. The government, in return, promised, *inter alia,* that it would not prosecute Rowzer for other criminal offenses known to it at the time of the plea agreement, which precluded the government from prosecuting Rowzer for any drug trafficking or other money laundering charges then known to the government. At the

conclusion of this hearing, the district court ordered a Pre-Sentence Investigation Report (PSIR) and set the matter for sentencing on September 17, 1999. A PSIR was prepared on August 6, 1999, and on August 11, 1999, the United States Probation Office submitted a completed PSIR to counsel, Rowzer by that time having discharged the attorney who represented him when he pled guilty to the two-count superseding information, Berger, and having retained new counsel, Mark L. Bennett, Jr. ("Bennett"). The PSIR set Rowzer's total offense level at 29 and his criminal history category at III, which called for a sentencing range of 108 to 120 months.

Backtracking, on August 4, 1999, Rowzer filed with the district court a *pro se* motion to dismiss Berger as his attorney and allow him time to retain "competent new legal counsel." On August 18, 1999, Rowzer's new counsel, Bennett, entered his appearance for Rowzer. On August 20, 1999, Bennett, on behalf of Rowzer, filed a motion to withdraw and set aside the pleas of guilty previously entered. On November 16, 1999, after hearing, the district court denied Rowzer's motion to withdraw and set aside his guilty pleas and reset the sentencing date to January 21, 2000.

On December 9, 1999, Bennett, on behalf of Rowzer, filed objections to the PSIR. The government filed a response to Rowzer's objections on March 31, 2000, as well as some objections of its own. On May 30 and 31, 2000, the district court held hearings on the objections to the PSIR, at which time it heard testimony presented by both parties and then took the matter under advisement. On August 1, 2000, the district court ruled on the

various objections to the PSIR and on August 8, 2000, the district court sentenced Rowzer to imprisonment for 108 months on each of the two counts in the superseding information, sentences to be served concurrently. Rowzer appeals. We affirm.

On appeal, counsel raises three issues: (1) did the district court err in denying Rowzer's motion to withdraw and set aside his guilty pleas; (2) did the district court err in holding that Rowzer was not entitled to any reduction in his offense level for his "acceptance of responsibility" pursuant to U.S.S.G. § 3 E1.1; and (3) whether the district court erred in enhancing Rowzer's offense level by three levels because of "relevant conduct" pursuant to U.S.S.G. §§ 2S1.2(b)(2) and 2S1.1(b)(2)(D).

As indicated, counsel first argues that the district court erred in denying Rowzer's motion to withdraw and set aside his guilty pleas to the two-count superseding information. On June 15, 1999, Rowzer filed his petition to plead guilty to the two counts in the superseding information, which was filed on the same date, indicating, of course, that negotiations between the government and Rowzer's retained counsel, Berger, had been going on prior thereto. Our reading of the transcript of proceedings at the June 15, 1999, hearing where Rowzer pled guilty to the two-count superseding information indicates that there was full compliance with Fed. R. Crim. P. 11(e).

On August 20, 1999, Bennett, newly retained counsel for Rowzer, filed a motion to withdraw and set aside the guilty pleas entered on June 15, 1999, which motion was supported by lengthy memoranda. On October 5, 1999, the government filed a response

to Rowzer's motion to withdraw his guilty pleas supported by an equally lengthy memorandum, in which the government asked that Rowzer's motion to withdraw his pleas of guilty be denied.  A hearing was held on November 9, 1999, by the district court on Rowzer's motion to withdraw his guilty pleas, at which time Rowzer was questioned in great detail by Bennett and cross-examined at length by government counsel.  At the conclusion of that hearing, the district court took the matter under advisement.

On November 16, 1999, the district court denied Rowzer's motion to withdraw and set aside his guilty pleas theretofore entered on June 15, 1999.  In support of its denial of Rowzer's motion, the district court filed a 34-page memorandum and order in which it discussed in detail all of the reasons advanced by counsel for withdrawal of Rowzer's guilty pleas and concluded that none, nor any combination thereof, justified a withdrawal of Rowzer's guilty pleas.

On appeal, it is agreed that we review the district court's denial order by an abuse of discretion standard.[1]  We find no such abuse of discretion.  *United States v. Jones,* 168 F.3d 1217 (10th Cir. 1999), *cert. denied,* 121 S.Ct. 641 (2000).  In that case, we spoke as follows:

> Under Fed. R. Crim. P. 32(e), the district court may allow a defendant to withdraw a plea of guilty before sentence is imposed if the defendant provides the court with a fair and just reason for doing so.  We review the district court's denial

---

[1]An "abuse of discretion" occurs when a judicial determination is arbitrary, capricious or whimsical.  *United States v. Wright,* 826 F.2d 938, 943 (10th Cir. 1987).

of a motion to withdraw a guilty plea for an abuse of discretion.

*United States v. Carr,* 80 F.3d 413, 419 (10th Cir. 1996). Although it is within the sound discretion of the district court to determine what circumstances justify granting a motion to withdraw a guilty plea, such motions should be "freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude." *Id.* We will not reverse the district court unless Defendant can demonstrate that the district court abused its discretion by acting unjustly or unfairly. *Id.* In determining whether a defendant has carried this burden, we consider the following factors: (1) whether the defendant has asserted his innocence; (2) prejudice to the government; (3) delay in filing defendant's motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) waste of judicial resources. *United States v. Gordon,* 4 F.3d 1567, 1572 (10th Cir. 1993).

*Jones*, 168 F.3d at 1219.

On December 9, 1999, counsel filed a plethora of objections to the PSIR. Included therein were objections to the Probation Department's recommendation that Rowzer not be given a reduction in his offense level because of acceptance of responsibility as permitted by U.S.S.G. § 3E1.1.[2] Also, counsel objected to the Probation Department's recommendation that Rowzer's base offense level be increased by five

---

[2] In that particular objection counsel suggested that, since Rowzer, pursuant to the plea agreement, had pled guilty to both counts in the superseding information, he was entitled to a reduction in his offense level for acceptance of responsibility even though he later attempted to withdraw his pleas on the grounds he wasn't guilty. In this connection, U.S.S.G. § 3E1.1, cmt. n.3, provides, *inter alia,* that a defendant who pleads guilty is not entitled to an acceptance of responsibility reduction as a "matter of right." *United States v. Hawley,* 93 F.3d 682, 689 (10th Cir. 1996).

levels for "relevant conduct" pursuant to U.S.S.G. §§ 2S1.2(b)(2) and 2S1.1(b)(2)(D).  As earlier indicated, the government also had some objections to the PSIR.

On May 30 and 31, 2000, the district court held hearings on the various objections to the PSIR, at which hearings the government called three witnesses, and Rowzer called one.  (Not himself.)  On August 1, 2000, the district court ruled on Rowzer's various objections to the PSIR in a written memorandum consisting of 28 pages and thereafter sentenced Rowzer to imprisonment for 108 months on each of the two counts in the superseding information, to be served concurrently.  In that memorandum, after reviewing all the so-called "pros and cons," the district court overruled Rowzer's objection that he be allowed a reduction in his offense level because of his "acceptance of responsibility" under U.S.S.G. § 3E1.1.  At the same time, the district court overruled the objection to the Probation Department's recommendation that Rowzer's offense level be raised for "relevant conduct" under U.S.S.G. 2S1.2(b)(2) and 2S1.1(b)(2)(D) based on drug sales to, and from, Rowzer.  (Actually, the PSIR recommended a five level enhancement of Rowzer's offense level, and the district court only enhanced it by three.)

"Factual determinations" made by a district court in a case involving the application of the sentencing guidelines are reviewed under a clearly erroneous standard and we will not disturb such findings unless, after reviewing all the evidence, such findings have  "no support in the record or . . . we are firmly convinced that an error has been made."  *United States v. Becker,* 230 F.3d 1224, 1235 (10th Cir.), *cert. denied*, 121

S.Ct. 1666 (2000). *See also, United States v. Mitchell*, 113 F.3d 1528, 1533 (10th Cir. 1997), *cert. denied*, 522 U.S. 1063 (1998), where we said that "[w]e review the district court's 'acceptance of responsibility' determination as a question of fact subject to the clearly erroneous standard." In our view, the district court, in denying Rowzer's request that he be allowed a reduction in his offense level because of his "acceptance of responsibility" and enhancing Rowzer's offense level because of "relevant conduct," was not clearly erroneous.[3] Rowzer was obviously a major player in a wide scale drug distribution in the Topeka, Kansas area.

In sum, we are in complete accord with the district court's order denying Rowzer's motion to withdraw and set aside his guilty pleas and the district court's ruling on Rowzer's various objections to the PSIR. The district court in both orders carefully considered all of Rowzer's contentions and the district court neither abused its discretion nor was it clearly erroneous.

Judgment affirmed.

Entered for the Court,

Robert H. McWilliams
Senior Circuit Judge

---

[3]In *United States v. Washington,* 11 F.3d 1510, 1515 (10th Cir. 1993), *cert. denied*, 511 U.S. 1020 (1994), we said that "We review the district court's finding of fact regarding drug quantities for clear error."