**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAM L. BABCOCK,

Defendant - Appellant.

No. 05-1002
(D. Ct. No. 03-CR-496-D)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **McWILLIAMS**, and **HARTZ**, Circuit Judges.

---

Defendant-Appellant Adam L. Babcock pleaded guilty to assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). At the beginning of his sentencing, he made an oral motion to withdraw the plea, which was denied by the District Court. Mr. Babcock appeals that decision. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

Mr. Babcock and his co-defendant, Jason Greer, were charged with two counts of assault and with aiding and abetting in both charges of assault. *See* 18 U.S.C. §§ 2, 113(a)(1), and 113(a)(6). Mr. Babcock pleaded guilty to the § 113(a)(6) assault. The plea agreement described how, at the time Mr. Babcock and Mr. Greer were inmates at the U.S. Penitentiary in Florence, Colorado, they approached a fellow prisoner, beat him, and stabbed him repeatedly with a makeshift "shank" before correctional officers broke up the fight.

At the beginning of Mr. Babcock's sentencing hearing, he made two motions through his counsel: first, a motion to withdraw his plea of guilty; second, a motion for the withdrawal and replacement of his attorney. During the hearing, however, Mr. Babcock's counsel expressed serious doubts about the merits of both of his client's motions:

> I must advise this court as an officer of the Court that I don't know of any fair and just reason why the Court should allow the withdrawal of the plea. And I believe it's my duty as an officer of the Court when my client asks that I request permission of the Court to withdraw, that I make that request.

The court inquired about the legal basis for Mr. Babcock's request to withdraw the plea and discussed the legal standard for withdrawal. In response to the court's subsequent direct inquiry of Mr. Babcock's "objective here with these maneuvers at the eleventh hour," Mr. Babcock expressed his desire to "file some

motions that I feel will be to my benefit," which his counsel clarified as a desire to move to dismiss the prosecution based on selective prosecution. The District Court denied both the motion to withdraw the plea and the motion for counsel to withdraw.

On appeal, Mr. Babcock argues that his desire to move to dismiss based on a claim of selective prosecution is a fair and just reason for withdrawal, and that the District Court failed to make sufficient inquiry into the basis for his request to withdraw the plea.

## II. DISCUSSION

Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a plea of guilty prior to sentencing if he can demonstrate a "fair and just reason" for doing so. This Court considers seven factors influential to its consideration of whether a defendant has stated a fair and just reason:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*United States v. Sandoval*, 390 F.3d 1294, 1299 (10th Cir. 2004). We review the District Court's decision for abuse of discretion. *United States v. Jones*, 168 F.33d 1217, 1219 (10th Cir. 1999).

- 3 -

To begin, Mr. Babcock contends that he was selectively prosecuted. We note that this is not a factor under *Sandoval* that may justify a withdrawal. As such, this argument must fail as a ground to reverse the denial of the motion to withdraw the plea. Thus, we construe this argument as an independent basis for reversal, which we review de novo. *United States v. Solomon*, 399 F.3d 1231, 1239 (10th Cir.2005). A successful motion to dismiss based on a claim of selective prosecution requires evidence of both selectivity and a constitutionally impermissible basis for selectivity. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation so long as the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.").

Here, Mr. Babcock offers no evidence of selectivity, let alone selectivity based on impermissible factors. Mr. Babcock and Mr. Greer were co-defendants charged with the exact same crimes, and there were no other participants in the assault. Although Mr. Babcock contends that he wanted to enter a motion to dismiss "presumably [because] other inmates similarly situated and in similar alleged assaults were not prosecuted," he offers no facts in support of his theory of selectivity. It is far more likely that, as the government suggests, Mr. Babcock and Mr. Greer were prosecuted simply because the guards witnessed the incident

firsthand.

Next, Mr. Babcock offers no legal support for his contention that the District Court should have conducted a more lengthy inquiry about the basis for his motion to withdraw the plea, and he offers no facts that suggest a more lengthy inquiry would have produced a different result.

Finally, Mr. Babcock does not explicitly raise any of the *Sandoval* factors in support of his appeal. He briefly addresses the countervailing elements, asserting that a withdrawal of plea would cause no prejudice to the government, no substantial inconvenience to the court, and no waste of judicial resources, but he bases his argument on the government's routine statement that it was ready and able to proceed to trial. Moreover, the absence of prejudice carries no weight if Mr. Babcock has not advanced a fair and just reason in favor of withdrawal. *See United States v. Rhodes,* 913 F.2d 839, 845 (stating that defendant bears the burden for demonstrating a "fair and just reason" for withdrawing his plea). Therefore, we conclude that the District Court did not abuse its discretion in denying Mr. Babcok's motion to withdraw his guilty plea.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge