**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONOVAN EASTMAN,

Defendant - Appellant.

No. 04-1508
(D. Ct. No. 03-CR-184-N)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **McWILLIAMS**, and **HARTZ**, Circuit Judges.

---

Defendant-Appellant Donovan Eastman pleaded guilty to possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 472. Two months later, Mr. Eastman filed a pro se document requesting withdrawal of the guilty plea. The District Court denied his request, and Mr.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Eastman timely appeals. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

Mr. Eastman was arrested on January 15, 2002, pursuant to a warrant issued by the Larimer County District Court in Colorado. During the course of the arrest, officers from the Denver Police Department obtained a search warrant and seized five firearms in Mr. Eastman's possession, along with counterfeit federal reserve notes amounting to approximately $19,000.

In August of 2004, Mr. Eastman pleaded guilty to Counts Three and Four of a federal indictment, as specified in the plea agreement: possession of a firearm by a previously convicted felon, and possession of counterfeit Federal Reserve Notes. At the plea hearing, Mr. Eastman responded positively to the court's inquiry about the voluntariness of his plea. Although Mr. Eastman did state that he had not eaten for two days and that he was on a medicine called Seroquel, which he identified as an antipsychotic that a psychiatrist had prescribed a couple of years before, he confirmed that these did not affect his awareness of the proceedings. The court accepted his guilty plea.

On October 27, two months after the plea hearing and three weeks before sentencing, Mr. Eastman filed a pro se request—despite the fact that he was represented by counsel—to withdraw his guilty plea. During the court's hearing

on the motion to withdraw the plea, Mr. Eastman's concerns focused on ineffective assistance of counsel and his physical and mental condition at the time of the plea. Mr. Eastman also discussed the government's loss or destruction of the firearms that had been seized, which he advanced as a part of a number of arguments, including ineffective assistance of counsel. The District Court ruled that the plea was knowing and voluntary, that Mr. Eastman had been represented by competent counsel at all stages of the proceedings, and that the destruction of evidence did not provide a fair and just reason to withdraw.

On appeal, Mr. Eastman argues that the District Court erred by denying his request to withdraw. In support of his argument, Mr. Eastman contends that there are three factors that mandate reversal of the District Court: (1) his diminished capacity at the time of the plea, as influenced by his medication and a lack of food, (2) his disagreements with his attorney, and (3) his desire to go to trial to exploit the government's destruction of relevant evidence.

## II. DISCUSSION

Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a plea of guilty prior to sentencing if he can demonstrate a "fair and just reason" for doing so. This Court considers seven factors influential to its consideration of whether a defendant has stated a fair and just reason:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant

delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*United States v. Sandoval*, 390 F.3d 1294, 1299 (10th Cir. 2004). This Court reviews the District Court's decision for abuse of discretion. *United States v. Jones*, 168 F.33d 1217, 1219 (10th Cir. 1999).

We first address Mr. Eastman's claims related to the voluntariness of his plea. To begin, we note that Mr. Eastman has offered no evidence other than his own statements that he was "over medicated and not in good shape at the time of plea" as proof that the plea was made involuntarily or unknowingly. This Court, however, has held that conclusory statements made by a defendant are, "absent any other evidence, insufficient to show that his plea was involuntary." *United States v. Kramer*, 168 F.3d 1196, 1200 (10th Cir. 1999); *see also United States v. Groll*, 992 F.2d 755, 758, n.2 (7th Cir. 1993). Indeed, in another case in which the defendant disclosed his use of prescription drugs at the plea hearing but later claimed he had been unable to understand "in depth" what was going on, this Court rejected the defendant's arguments on the basis that he failed to support them with anything besides his own statements. *Kramer*, 168 F.3d at 1200 (holding that the defendant failed to support his statements with actual evidence "such as medical records or narcotic drug prescriptions or doctors' affidavits").

- 4 -

As such, there is no indication that Mr. Eastman's plea was involuntary.

Second, we point out that the evidence indicating the plea *was* voluntary is well-documented and substantial. In an extended colloquy with the District Court Judge, Mr. Eastman confirmed that the lack of food was not affecting his decision to plead guilty, that the medicine did not interfere with his ability to understand the proceedings, that he was alert, and that he had taken his last dose of medicine some time ago and that its effects were beginning to wear off.

We next address Mr. Eastman's claims with respect to his "disagreement with counsel"; or, as advanced in District Court proceedings, his claim of ineffective assistance of counsel. Contrary to Mr. Eastman's contention that actions by his counsel provide him with a basis to withdraw his guilty plea, the record provides ample indication that the plea was entered with close assistance of counsel: Mr. Eastman's attorney was present at the plea hearing, and both Mr. Eastman and his attorney confirmed that they had discussed the elements of the plea agreement. Mr. Eastman also confirmed that he and his attorney had discussed all relevant elements of his case, including the plea bargain, his right to trial, and the nature and elements of the crimes included in the agreement.

Indeed, Mr. Eastman cites no specific errors by his attorney, referring only to a "disagreement with counsel." This "disagreement," from our review of the record, stems from Mr. Eastman's allegation during the District Court hearing that

his counsel had failed to file a motion to examine the evidence. The District Court, however, identified this claim as false, and Mr. Eastman—both below and on appeal—names no additional motions his counsel should have filed. In the same hearing, Mr. Eastman also alleged that his attorney failed to return a number of phone calls, but he did not explain the significance of that alleged failure. As such, Mr. Eastman's disagreement with, or dislike of, his attorney does not provide a basis for him to withdraw his plea of guilty.

We next address Mr. Eastman's concern about the destruction of evidence, which he offers on appeal as equivalent to an assertion of innocence. In essence, he argues that he would have had a greater hope for acquittal if he had presented evidence of the government's destruction of the firearms at trial. This Court follows the D.C. Circuit in concluding that "bare hope for acquittal is not a 'legally cognizable defense' and therefore is not an effective claim of legal innocence." *United States v. Barker*, 514 F.2d 208 (D.C. Cir. 1975). The destruction of evidence in this case is not offered as part of any "legally cognizable defense." Mr. Eastman made no direct assertion of innocence in District Court and does not do so here. As such, Mr. Eastman's statements on appeal do not constitute an assertion of innocence.

Finally, we note the existence of significant factors that advise against the withdrawal of the guilty plea. The District Court addressed two countervailing

*Sandoval* factors—whether the court will be inconvenienced if the motion is granted, and whether a waste of judicial resources would result if the motion is granted—as follows:

> This case had been pending now for approximately two and a half years, an astonishing period of time for a simple, straightforward criminal case. Most of the delay in the case has been occasioned by the defendant's frequent quarrels with his court-appointed attorneys and by his inability to proceed without an attorney. . . .
>
> For those reasons, the Court finds that it would be a waste of judicial resources to allow the withdrawal of the plea. If I allowed withdrawal of the plea, there would be more delay. The case would at best go to a jury trial, and the defendant, the Court is confident, would be found guilty. We would be months, if not years down the road with the same result, and we would be sitting here in the same situation, with one difference. Undoubtedly the Government would be saying, with some support in the law, that the defendant doesn't get a 3-point downward adjustment for accepting responsibility.

Mr. Eastman appears to dispute the District Court's evaluation of inconvenience by citing his alleged arrangements for a new attorney, but his arguments do not displace the District Court's point about the inutility of withdrawal and the waste of judicial resources in the present case.

### III. CONCLUSION

For the foregoing reasons, we hold that the District Court acted well within its discretion in denying Mr. Eastman's motion to withdraw his plea of guilty and

accordingly AFFIRM.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Chief Circuit Judge