**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

LEROY CASTILLO,

      Defendant–Appellant.

No. 05-2285

(Case No. 04-CR-1844-BB)

(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

On April 6, 2005, Appellant Leroy Castillo pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 992(g)(1) and 924(a)(2). Almost five months later, on August 29, 2005, Appellant filed a motion to withdraw his guilty plea and proceed to trial. The court denied the motion and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

sentenced Appellant to a seventy-eight-month term of imprisonment, one month higher than the minimum recommended under the Sentencing Guidelines. On appeal, Appellant argues that the district court erred in denying his motion to withdraw his guilty plea and that his seventy-eight-month sentence is unreasonable.

We review the denial of a defendant's motion to withdraw a guilty plea for abuse of discretion, and we will not reverse unless the district court "acted unjustly or unfairly." *United States v. Sandoval*, 390 F.3d 1294, 1297-98 (10th Cir. 2000) (internal quotation omitted). We consider the following seven factors to determine whether a defendant has shown a "fair and just reason" why he should have been allowed to withdraw his guilty plea: "(1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources." *United States v. Graves*, 106 F.3d 342, 343 (10th Cir. 1997). "A defendant's dissatisfaction with the length of his sentence generally is insufficient reason to withdraw a plea." *United States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991).

After a review of the parties' briefs and the record in appeal, we are not persuaded that these seven factors warrant withdrawal. It is clear from a review of the transcript that Appellant's motion to withdraw his guilty plea was

motivated by his dissatisfaction with the anticipated length of his sentence. In addition, despite asserting his innocence, Appellant offered no evidence in support of this conclusory claim. *See United States v. Kramer*, 168 F.3d 1196, 1200 (10th Cir. 1999) (conclusory statements by the defendant, "absent any other evidence, [are] insufficient to show that his plea was involuntary"). Appellant did not file his motion to withdraw his plea until two days before the hearing, almost five months after he had pleaded guilty. *See United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996) (holding that a delay of three months weighed against granting the defendant's motion to withdraw his guilty plea). We note that the government had quashed its trial subpoenas due to Appellant's plea, and that the case, which had already been scheduled for trial on two previous occasions, had been removed from the trial docket because of the plea. Granting the motion to withdraw the plea would have required the government to expend additional resources re-issuing the subpoenas and revisiting the case and would have required the court to reschedule the case for trial, resulting in disruptions to the docket and delays in other pending cases. *See id.* at 420-21; *United States v. Jones*, 168 F.3d 1217, 1220-21 (10th Cir. 1999). We note, also, that Appellant's guilty plea was entered knowingly and voluntarily, as demonstrated by the plea colloquy and conceded by counsel at the sentencing hearing. Nor do we credit Appellant's conclusory claim at sentencing of dissatisfaction with an attorney whom he selected and who, according to his representations at the plea hearing,

served him competently. *See Jones*, 168 F.3d at 1221. Therefore, we conclude that the district court did not abuse its discretion in denying the motion.

Appellant also challenges the length of the sentence he received. After *United States v. Booker*, 534 U.S. 220, 261 (2005), we review sentences for reasonableness. *United States v. Lopez-Flores*, 444 F.3d 1218, 1220 (10th Cir. 2006). Appellant's sentence, which was within the properly calculated Guidelines range, is presumptively reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). However, Appellant can rebut the presumption of reasonableness if he is able to demonstrate "that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.*

At the sentencing hearing, the district court considered Appellant's request for a lower sentence and explained its reasons for refusing this request, pointing out that Appellant had a history of illegal firearms possession and dangerous criminal conduct. The court found it "appalling" that Appellant was already at Criminal History Category VI, even though he was only twenty-four years old at the time of the sentencing (Sent. Tr. at 15), and it stated that there was nothing in the record indicating that Appellant was entitled to a more lenient sentence. After a review of the parties' briefs and the record on appeal, we conclude that the district court properly considered Appellant's argument for departure and the § 3553(a) factors before imposing a reasonable sentence near the bottom of the Guidelines range.

**AFFIRMED.**

Entered for the Court


Monroe G. McKay
Circuit Judge