FILED
United States Court of Appeals
Tenth Circuit

January 2, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFONSO LOPEZ-BARONE,

Defendant-Appellant.

No. 07-4050
(D.C. No. 1:05-CR-105-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Alfonso Lopez-Barone, a citizen of Mexico, pled guilty to charges that he

possessed a firearm as an alien illegally present in the United States, and

possessed a firearm in furtherance of a drug trafficking crime. In a brief filed

pursuant to Anders v. California, 386 U.S. 738 (1967), Lopez-Barone's counsel

moves for leave to withdraw and raises the sole issue of whether Lopez-Barone's

waiver of the right to appeal his sentence is enforceable. Based on our

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

independent review of the record, we also consider whether the district court properly denied Lopez-Barone's attempt to withdraw his guilty plea. We **AFFIRM** Lopez-Barone's conviction and sentence, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

## I

In July 2007, Lopez-Barone and a friend provided undercover officers with one quarter pound of methamphetamine in exchange for four firearms and $2,000 in cash. Following his arrest, a federal grand jury indicted Lopez-Barone on three counts: (1) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count One); (2) possession of a firearm by an alien illegally present in the United States in violation of 18 U.S.C. § 922(g)(5)(A) (Count Two); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1) (Count Three). Although he initially pled not guilty to all three counts, Lopez-Barone later agreed to plead guilty to the latter two counts in exchange for the government's agreement to dismiss Count One. As part of his plea agreement, Lopez-Barone waived the right to appeal his sentence except in two circumstances: (1) if the sentence imposed was above the maximum penalty provided in the statute of conviction; or (2) if the sentence was above the high end of the applicable Guidelines range.

On October 11, 2006, the district court held a change of plea hearing to determine whether it should accept Lopez-Barone's guilty plea. During that

hearing, the district court engaged in an extensive Rule 11 plea colloquy, directly addressing Lopez-Barone's waiver of his right to appeal his sentence along with every other aspect of his plea agreement, the elements of his crime, and the consequences of a guilty plea. See Fed. R. Crim. P. 11(b). At the end of the colloquy, the court accepted Lopez-Barone's plea, specifically finding that Lopez-Barone was entering the plea knowingly, intelligently, and voluntarily.

At his sentencing hearing several months later, however, Lopez-Barone informed his counsel that he wished to withdraw his guilty plea. Counsel relayed this request to the district court, and the court halted the sentencing hearing. It then granted Lopez-Barone three weeks in which to file a motion to withdraw his plea. Lopez-Barone did not file such a motion and the court subsequently rescheduled the case for sentencing.[1]

Lopez-Barone again attempted to withdraw his plea at the opening of the rescheduled sentencing hearing. Acting independently of his attorney, he provided the court with a letter in which he asserted that he was not guilty of the charged offenses. His counsel denied having read the letter, stating, "I anticipated it was something negative against me, so I didn't push the issue." In response to the court's questioning about the letter, Lopez-Barone claimed that he admitted the truth of the charges against him only "because I was told that that

_____

[1] At some point between the two hearings, Lopez-Barone's counsel moved for permission to withdraw. Counsel later withdrew that motion after Lopez-Barone agreed to proceed with sentencing.

was a requirement to have my guilty plea accepted, and it was a way to not go to trial," which he wished to avoid.

In response, the court questioned Lopez-Barone and his counsel to confirm that Lopez-Barone had been fully informed and aware of the consequences of his plea, and had not been encouraged or coerced to plead guilty. The court concluded, "It seems to me then that [Lopez-Barone] knowingly entered the plea and what he's getting now is an understandable reaction to the severity of the offense." Finding that Lopez-Barone had specifically admitted guilt in the prior hearing, the district court rejected his attempt to withdraw his plea, and proceeded to sentence him.

Lopez-Barone's presentence report ("PSR") calculated a criminal history category of I because he had no prior criminal record. For Count Two, the PSR calculated a base offense level of 20, and applied a three-level reduction for acceptance of responsibility, for a final offense level of 17. The resulting Guidelines sentencing range was 24-30 months' imprisonment. For Count Three, the PSR noted a statutory minimum sentence, and an equivalent advisory Guidelines sentence, of 60 months' imprisonment consecutive to any other sentence imposed. See 18 U.S.C. § 924(c)(1)(A)(i) & (D)(ii); U.S.S.G. § 2K2.4(b). Adopting the PSR's calculations, the district judge sentenced Lopez-Barone to 24 months on Count Two and 60 months on Count Three, to be served

consecutively, for a total sentence of 84 months in prison. This timely appeal followed.

## II

If an attorney conscientiously examines a client's case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that would potentially present an appealable issue. Id. The court must also examine the record for any meritorious issues. Id. If the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id.

Counsel provided Lopez-Barone with a copy of the Anders brief, but Lopez-Barone declined the opportunity to file a pro se brief in response. Counsel's brief raises only one arguably appealable issue: whether Lopez-Barone's waiver of his appellate rights is enforceable. Upon independent examination of the record, we identify an antecedent issue: whether the district court abused its discretion when it refused Lopez-Barone's attempt to withdraw his plea during his second sentencing hearing.

## A

In reviewing the district court's decision to deny Lopez-Barone's attempt to withdraw his plea, we note that although in his plea agreement with the

government Lopez-Barone waived the right to appeal his <u>sentence</u>, he did not waive his right to appeal his <u>conviction</u>.  See <u>United States v. Elliot</u>, 264 F.3d 1171, 1174 (10th Cir. 2001) ("[A]n appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a <u>conviction</u> on appeal." (emphasis added, quotation omitted)).

Federal Rule of Criminal Procedure 11(d)(2)(B) provides:  "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  In evaluating whether a fair and just reason exists, a district court must consider:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; [and] (7) whether the granting of the motion would cause a waste of judicial resources.

<u>United States v. Black</u>, 201 F.3d 1296, 1299-1300 (10th Cir. 2000) (citation omitted).  "We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion."  <u>United States v. Jones</u>, 168 F.3d 1217, 1219 (10th Cir. 1999).

Although Lopez-Barone has claimed innocence,[2] a factor which weighs in favor of allowing withdrawal, other factors bear strongly against him. Despite the district court's decision to adjourn the initially scheduled sentencing hearing and grant Lopez-Barone three weeks in which to file a motion to withdraw, he failed to do so within the prescribed period. He then sought to raise the issue again at the rescheduled sentencing hearing. Thus, Black's factors of delay, waste of judicial resources, and inconvenience to the court militate against permitting withdrawal of the plea.

We are confident that Lopez-Barone's plea was entered voluntarily and intelligently. "When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to . . . whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily . . . [and] for an adequate Federal Rule of Criminal Procedure 11 colloquy." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). Lopez-Barone's plea agreement contains such a statement, and our review of his colloquy reveals that it was more than adequate under Rule 11.

To the extent that Lopez-Barone also asserted ineffective assistance of counsel as a basis for his attempted withdrawal, such claims generally must be

---

[2] Lopez-Barone claimed in his letter to the court that he was unaware of the presence of a gun during the incident leading to his indictment. Knowledge is an element of possession under both 18 U.S.C. § 922(g) and § 924(c). See, e.g., United States v. Jameson, 478 F.3d 1204, 1208-09 (10th Cir. 2007); United States v. McKissick, 204 F.3d 1282, 1292 (10th Cir. 2000).

presented in collateral proceedings and are "presumptively dismissible" on direct appeal. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); see also United States v. Samuel, 493 F.3d 1187, 1193 (10th Cir. 2007) (holding that even a claim of ineffective assistance arising as one element of a "fair and just" reason to allow withdrawal of a guilty plea must be evaluated on collateral review). We will consider such a claim on direct appeal only in the "rare" case where a fully developed factual record on the issue of ineffectiveness is already before this court. Galloway, 56 F.3d at 1240-41. In this case, the facts surrounding a potential claim of ineffective assistance have not been fully developed. Any ineffectiveness claim should therefore be pursued by means of a 28 U.S.C. § 2255 motion in the district court.[3]

Because we are unable to consider the ineffective assistance factor on direct review, we leave for collateral review the final determination of whether the district court abused its discretion in denying Lopez-Barone's attempt to withdraw his plea. See, e.g., United States v. Robertson, 45 F.3d 1423, 1435 (10th Cir. 1995). The balance between the remaining factors supports the district court's conclusion that the plea should stand.

**B**

---

[3] Although Lopez-Barone's plea agreement waives his right to bring a motion for collateral review under § 2255, we do not allow waiver of the right to collaterally challenge the validity of a plea based on claimed ineffective assistance of counsel. See United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001).

This leaves the enforceability of Lopez-Barone's waiver of the right to appeal his sentence, the issue raised in counsel's <u>Anders</u> brief. A waiver of appellate rights is enforceable if (1) the issue appealed falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcement would not result in a miscarriage of justice. <u>Hahn</u>, 359 F.3d at 1325. We have already concluded that his waiver was knowing and voluntary, and further conclude that the waiver clearly bars any challenge Lopez-Barone might raise to the sentence imposed by the district court.

The plea agreement allows appeal of the sentence if it is (1) above the statutory maximum sentence, or (2) above the high end of the applicable Guidelines range. Lopez-Barone's sentence of 84 months' imprisonment does not fall within either of these exceptions. Given that the maximum penalty for violating 18 U.S.C. § 922(g) is five years' imprisonment, Lopez-Barone's sentence of 24 months (two years) on Count Two falls below this maximum. <u>See</u> § 924(a)(1). As to Count Three, there is no maximum penalty for an offense under § 924(c)(1), thus a sentence of 60 months' (five years') imprisonment on this count does not violate any statutory maximum. Moreover, the district court sentenced Lopez-Barone to the bottom of the applicable Guidelines range, not above it.

Although counsel did not raise this argument, Lopez-Barone could colorably claim that his plea agreement preserves his right to appeal an

- 9 -

unreasonable within-Guidelines sentence.[4]  We do not address this possibility,

however, because we conclude that Lopez-Barone's sentence is not unreasonable.

Under United States v. Kristl, 437 F.3d 1050 (10th Cir. 2006), Lopez-Barone's

sentence was both procedurally and substantively reasonable.  There was no error

in the district court's Guidelines calculation; the court offered an explanation for

its sentence which was firmly grounded in the 18 U.S.C. § 3553(a) sentencing

factors; and there are no additional § 3553(a) factors appearing in the record

which would suggest that this within-Guidelines sentence is substantively

unreasonable.  Id. at 1054-55.  Accordingly, any appeal of the sentence imposed

would be within the scope of Lopez-Barone's waiver of appellate rights.

Finally, enforcement of Lopez-Barone's plea agreement would not result in

a miscarriage of justice.  Such a miscarriage occurs only "(1) where the district

court relied on an impermissible factor such as race, (2) where ineffective

assistance of counsel in connection with the negotiation of the waiver renders the

waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4)

where the waiver is otherwise unlawful."  Hahn, 359 F.3d at 1327 (citation

---

[4] Paragraph 8 of the agreement states:  "I know I may appeal the sentence imposed upon me [if] in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable."  Paragraph 10, however, states:  "I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me . . . on any ground whatever, except" a sentence above the Guidelines range or a statutory maximum.  But see United States v. Wilken, 498 F.3d 1160, 1167 (10th Cir. 2007) (assuming that the "express waiver" provision of a similar plea agreement controlled over a provision identical to Paragraph 8).

omitted). We find no suggestion in the record that the court relied on an impermissible consideration, or that any feature of Lopez-Barone's waiver was unlawful. Nor does his sentence exceed a statutory maximum. Any claim of ineffective assistance of counsel must be raised on collateral review.

## III

Because Lopez-Barone fails to present us with any meritorious grounds for this appeal, we **AFFIRM** his conviction and sentence, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge